[No. 6233. Decided October 27, 1906.]

ONTARIO LAND COMPANY, *Respondent*, v. JAY YORDY *et al.*,

*Appellants.*[1]

TAXATION—TAX DEED—VALIDITY—DESCRIPTION OF PROPERTY—
ESTOPPEL OF OWNER. A tax deed of property in a "reserved" portion
of a city plat, describing the same as blocks 352 and 372 in such
plat, is sufficient, although there are no such blocks designated in the
plat, where it appears that, adopting the conservative numbering
in the plat, the "reserved" portion would have been blocks 352 and
372, and where the owner had paid no taxes on the "reserved" por-
tion, disputed the county's right to assess the same at all, and stood
by in silence after the assessment and foreclosure and permitted sale
to be made thereof under such description.

SAME—TAX JUDGMENT—VACATION—TENDER OF TAX. The validity
of tax foreclosure proceedings cannot be attacked by the owner with-
out tender of the delinquent taxes.

Appeal from a judgment of the superior court for Yakima
county, Rigg, J., entered September 14, 1905, upon findings
in favor of the plaintiff, after a trial on the merits before
the court without a jury, in an action to recover possession
of real property and to quiet title. Reversed.

*Ira P. Englehart* and *Lee C. Delle*, for appellants, to the
point that the judgment being regular on its face was not
subject to collateral attack, cited: *Kalb v. German Sav. &
Loan Society*, 25 Wash. 349, 65 Pac. 559, 87 Am. St. 757;
*Kizer v. Caufield*, 17 Wash. 417, 49 Pac. 1064; *Rogers v.
Miller*, 13 Wash. 82, 42 Pac. 525, 52 Am. St. 20; *Munch v.
McLaren*, 9 Wash. 676, 38 Pac. 205; *Peyton v. Peyton*, 28
Wash. 278, 68 Pac. 757. The description in the tax deed
was sufficient to identify the property. *Sloan v. Sewell*, 81
Ind. 180; *Fowler v. People ex rel. McCrea*, 93 Ill. 116; *Com-
monwealth v. Louisville*, 20 Ky. Law 893, 47 S. W. 865;
*Masonic Building Ass'n v. Brownell*, 164 Mass. 306, 41 N. E.

[1]Reported in 87 Pac. 257.

306; *Garwood v. Hastings,* 38 Cal. 216; *Lower Kings River Reclamation Dist. v. McCullah,* 124 Cal. 175, 56 Pac. 887; *Noyes v. King County,* 18 Wash. 417, 51 Pac. 1052; *Bosworth v. Charles Danzien,* 25 Cal. 297. The plaintiff must tender and allege tender of all taxes, penalties, etc., paid by the purchaser at the tax sale. *Merrit v. Corey,* 22 Wash. 444, 61 Pac. 171; *Denman v. Steinbach,* 29 Wash. 179, 69 Pac. 751; *Parks v. Watson,* 20 Fed. 764; *Packwood v. Briggs,* 25 Wash. 530, 65 Pac. 846; *McManus v. Morgan,* 38 Wash. 528, 80 Pac. 786; *Webster v. French,* 11 Ill. 254; *Glos v. Goodrich,* 175 Ill. 20, 51 N. E. 643; *Hayward v. Munger,* 14 Iowa 516; *Crawford v. Liddle,* 101 Iowa 148, 70 N. W. 97; *Whelan v. Reilly,* 61 Mo. 565; *Young v. Droz,* 38 Wash. 648, 80 Pac. 810.

*E. B. Preble* (*Fred Parker,* of counsel), for respondent, contended, *inter alia,* that town plats should be interpreted with due regard to the common usage of words, characters, etc., used therein in order to ascertain the true intention of the party making it. Elliott, Roads & Streets (2d ed.), p. 131; *Duluth v. St. Paul etc. R. Co.,* 49 Minn. 201, 51 N. W. 1163; *Noblesville v. Lake Erie etc. R. Co.,* 130 Ind. 1, 29 N. E. 484; *Robinson v. Coffin,* 2 Wash. Ter. 251, 6 Pac. 41; *Columbia etc. R. Co. Seattle,* 33 Wash. 513, 74 Pac. 670; *Mt. Vernon v. Young,* 124 Iowa 517, 100 N. W. 694; *Farlin v. Hill,* 27 Mont. 27, 69 Pac. 237; *Youngerman v. Board of Supr's,* 110 Iowa 731, 81 N. W. 166; *Grant v. Davenport,* 18 Iowa 179. The filing of certificates of delinquency was a jurisdictional prerequisite to the entry of any judgment in the tax foreclosure proceedings against the property. *Washington Timber & Loan Co. v. Smith,* 34 Wash. 625, 76 Pac. 267; *Thompson v. Robbins,* 32 Wash. 149, 72 Pac. 1043; *Galpin v. Page,* 18 Wall. 350, 4 L. Ed. 959. No tender is necessary when no taxes are shown to be due from the plaintiff upon the identical property sought to be recovered. *First Nat. Bank v. Hungate,* 62 Fed. 548.

CROW, J.—This action was instituted by the plaintiff, the Ontario Land Company, against the defendants, Jay Yordy and Minnie E. Yordy, his wife, to recover possession of certain city lots in North Yakima. It appears that the plaintiff's grantors, Chester A. Congdon and Clara B. Congdon, being owners of the east half of the southeast quarter of section 24, in township 13, north of range 18, E., W. M., except ten acres belonging to one Charles M. Holton, platted the same on May 16, 1889, as Capital Addition to North Yakima; that the entire tract above described was apparently platted, with the exception of the Holton ten acres; that through the central portion of the plat, which included a certain body of land marked "Reserved," and hereinafter mentioned, the blocks were consecutively numbered; that where blocks numbered 352, 353, 372 and 373 would have ordinarily appeared, a rectangular tract was shown, marked "Reserved," the same being of sufficient size to include four ordinary blocks; that no explanation was afforded, either by the dedication or upon the plat, as to what was meant by the term "Reserved," nor was the use to which said tract was to be applied declared; that the assessor of Yakima county listed and appraised for taxation what he described as blocks 352 and 372 in Capital Addition to North Yakima, Wash., and the same were taxed for the years 1892, 1893, 1894 and 1895; that all taxes for these years became delinquent; that the county foreclosed the same on blocks 352 and 372 of Capital Addition to North Yakima; that, under the foreclosure decree, a tax deed was afterwards issued to the defendant Jay Yordy; that he afterwards paid all subsequent taxes levied thereon; that on May 24, 1890, after the said Congdon and wife had platted Capital Addition, they deeded all of the land therein included to the plaintiff, the Ontario Land Company, but that instead of describing the same by lots and blocks, they conveyed it as the west half of the southeast quarter and the east half of

16—44 WASH.

the southwest quarter of section 24, township 13, north of range 18, E., W. M., excepting therefrom the Holton tract; that in the deed from Congdon and wife to the plaintiff, no allusion whatever was made to Capital Addition to North Yakima; that on September 22, 1904, after the tax deed above mentioned had been executed and delivered to the defendant Yordy, and had been recorded, the plaintiff, the Ontario Land Company, platted that portion of Capital Addition marked "Reserved," as "Heerman's Addition to North Yakima," subdividing said reserved tract into four blocks numbered from 1 to 4 inclusive, each block being subdivided into sixteen lots; that Yordy had then taken possession of a portion of the tract marked "Reserved," claiming the same under his tax deed; and that afterwards the plaintiff, the Ontario Land Company, instituted this action to eject him from certain lots which it described in its complaint as being in blocks 1 and 2 of Heerman's Addition, making no reference whatever to Capital Addition or any part thereof. The trial court, after making its findings of fact and conclusions of law, entered a decree in favor of plaintiff, awarding it possession, and the defendants have appealed.

The appellants contend that they are entitled under the tax deed to that portion of the land marked "Reserved," which would, by the consecutive system of numbering used in said original Capital Addition plat, have constituted blocks 352 and 372; while the respondent insists that it has instituted this action to recover the possession of certain lots in Heerman's Addition to North Yakima, not included in the appellants' tax deed; that the tax deed in no way describes, nor does it identify, any land included either in Capital Addition or Heerman's Addition. The main issue in this case, therefore, is whether the description of the lands as blocks 352 and 372 of Capital Addition to North Yakima is sufficient in law to give validity to the deed.

The evidence shows that the respondent had actual notice and knowledge of the fact that an attempt had been made to levy a tax upon that portion of its property marked "Reserved," and that it not only denied the validity of such taxes, in interviews with two county treasurers who called its attention to the same, but also stood quietly by, during the foreclosure proceedings and tax sale, and, with full knowledge of the same, permitted the appellant Yordy to make his purchase without its taking or making any protest, and that it thereafter platted the reserved tract as Heerman's Addition to North Yakima. It is a well-established principle of law that a description in a deed, or other instrument affecting title to real estate, is sufficient if it affords an intelligent means for identifying the property, and does not mislead. In other words, if a person of ordinary intelligence and understanding can successfully use the description in an attempt to locate and identify the particular property sought to be conveyed, the description answers its purpose and must be held sufficient. Mr. Jones, at section 323 of his treatise on the Law of Real Property in Conveyancing, says:

"The first requisite of an adequate description is that the land shall be identified with reasonable certainty, but the degree of certainty required is always qualified by the application of the rule that that is certain which can be made certain. A deed will not be declared void for uncertainty if it is possible, by any reasonable rules of construction, to ascertain from the description, aided by extrinsic evidence, what property it was intended to convey. The office of a description is not to identify the land, but to furnish the means of identification. The description will be liberally construed to afford the basis of a valid grant. It is only when it remains a matter of conjecture what property was intended to be conveyed, after resorting to such extrinsic evidence as is admissible, that the deed will be held void for uncertainty in the description of parcels."

When real estate is listed and assessed for taxation, it is ordinarily necessary that the assessment roll shall contain a

reasonably accurate description of the tract sought to be taxed. The object of this requirement is stated by writers on taxation and tax titles to be three-fold, (1) it is designed to inform the owner of the claim upon his property; (2) it is designed that intending purchasers may know what property will be offered for sale in the event of the taxes becoming delinquent; and (3) it is also the intention that under such description a proper deed may be executed to the purchaser. Cooley, Taxation (2d ed.), p. 405; Black, Tax Titles (2d ed.), § 112.

The respondent had paid no taxes on the reserved tract for the years included in the foreclosure proceedings, nor does it claim to have done so. The tract was concededly private property subject to taxation. The owner must have known that, under ordinary procedure, it would be assessed under some description. It fails, however, to show any effort upon its part, or any desire, to learn how or under what description any levy of taxes had been made. The blocks in Capital Addition were numbered in such a manner as to indicate that blocks 352 and 372 would be located on a particular portion of the reserved tract, if such blocks could be construed to exist. The entire plat fails to show any place for block numbers 352 and 372, so omitted except upon the reserved tract. This tract was in the exact location where such numbers would occur in the regular and consecutive course and system of numbers employed in the plat.

There is evidence tending to show that, for some time prior to the year 1892, this tract was used as a park by the city of North Yakima; that during said period it was not taxed; but that it was afterwards abandoned by the city. It then became the imperative duty of the county assessor to list it for taxation. He was compelled to do this under some description, so he designated the portion afterwards purchased by the appellant Yordy as blocks 352 and 372 of Capital Addition to North Yakima. Under all the circumstances,

we think this a sufficient description to identify the property
and support the assessment levy, foreclosure and tax deed.
No person of ordinary intelligence could fail to correctly
identify the property intended to be taxed and afterwards
conveyed, and the respondent could not destroy the sufficiency
of the description used, or render it ambiguous, by bringing
into existence a subsequent and inconsistent description when
platting the reserved tract under another name.   The entire
course of the respondent would seem to have been adopted
with a premeditated intention to evade the payment of any
taxes whatever upon the reserved tract, although at the time
it knew the same was liable to taxation, and no court of justice
should adopt any strained rule of construction the result of
which would be to aid it in any such enterprise.   It could
have avoided any threatened cloud on its title or loss of its
property by paying the taxes of which it had actual knowl-
edge, and for the payment of which it knew it was justly
liable.   The respondent has undertaken to attack the va-
lidity of the foreclosure proceedings, doing so in response to
the claim of title pleaded in appellants' answer.   We do not
think it can do so in this action as it has not tendered the
delinquent taxes as required by Bal. Code, § 5678 (P. C.
§ 8733).   *Ward v. Huggins*, 16 Wash. 530, 48 Pac. 240;
*Merritt v. Corey*, 22 Wash. 444, 61 Pac. 171.

The judgment of the superior court is reversed, and the
cause is remanded with instructions to enter a decree quieting
the title of the appellants.

MOUNT, C. J., ROOT, FULLERTON, HADLEY, and DUNBAR,
JJ., concur.