## WILFONG et al. v. ONTARIO LAND CO.†

(Circuit Court of Appeals, Ninth Circuit. May 3, 1909.)

### No. 1,630.

1. TAXATION (§ 809*)—ACTION TO RECOVER PROPERTY SOLD FOR TAXES—CONDITIONS PRECEDENT—PAYMENT OR TENDER OF TAXES—PLEADING.

The statute of Washington (Ballinger's Ann. Codes & St. Wash. §§ 5678–5680; Pierce's Code, §§ 8733–8735) makes it a condition precedent to the maintenance of an action for the recovery of land sold for taxes in the possession of the defendant that all taxes, penalties, interest, and costs paid by the purchaser shall have been fully paid or tendered, and under the decisions of the Supreme Court of the state, which are binding on the federal courts, a failure to allege such payment or tender in the complaint is a fatal defect when due objection is made.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1601; Dec. Dig. § 809.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
†Rehearing denied May 26, 1909.

2. APPEAL AND ERROR (§ 193*) — COMPLAINT — FAILURE TO ALLEGE CONDITION
   PRECEDENT—WAIVER OF OBJECTION.
      The objection that a complaint fails to allege a necessary condition
   precedent is waived if not made in the trial court, and cannot be made for
   the first time in an appellate court.
      [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1228;
   Dec. Dig. § 193.*]

3. TAXATION (§ 648*)—FORECLOSURE OF TAX LIEN—CONCLUSIVENESS OF JUDG-
   MENT—WASHINGTON STATUTE.
      Ballinger's Ann. Codes & St. Supp. Wash. § 1751b, provides that "after
   the expiration of five years from the date of delinquency when any prop-
   erty remains on the tax rolls for which no certificate of delinquency has
   been issued the county treasurer shall proceed to issue certificates of de-
   linquency on said property to the county and shall file said certificates
   when completed with the clerk of the court, and the treasurer shall there-
   on  *  *  *  proceed to foreclose in the name of the county the tax liens
   embraced in said certificate." It is further provided that summons may
   be served by publication, which shall give notice that on a day specified
   the county will apply for a judgment of foreclosure. The Supreme Court
   of the state has held that the provision requiring the treasurer to file the
   certificate of delinquency with the clerk is directory only, and that a fail-
   ure to so file it before suit does not affect any substantial rights of a de-
   fendant nor the jurisdiction of the court to render judgment. Section
   1767 of the statute provides that such a judgment shall estop all parties
   from raising any objections thereto which exist at or before the rendition
   thereof and could have been presented as a defense, and "shall be con-
   clusive evidence of its regularity and validity in all collateral proceedings
   except in cases where the tax or assessments have been paid or the real
   estate was not liable to the tax or assessment." Held, that such a judg-
   ment was not invalid nor subject to collateral attack because the certificate
   of deliquency was not filed with the clerk, nor because application for
   judgment was not filed until the day fixed in the notice and on which the
   judgment was entered, there being no statutory provision requiring it to be
   so filed.
      [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 648.*]

Appeal from Circuit Court of the United States for the Southern
Division of the Eastern District of Washington.

For opinion below, see 162 Fed. 999.

Benjamin S. Grosscup and Ira P. Englehart, for appellants.
A. L. Agatin, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The appellee brought a suit to deter-
mine adverse claims to certain real property in Capitol addition to
North Yakima, Wash., under provisions of the Code of that state.
The adverse claims were asserted under tax titles acquired by the ap-
pellants by virtue of a decree of the superior court of the state of
Washington for Yakima county, foreclosing liens for delinquent tax-
es in a suit brought by the county against numerous defendants and
against many tracts and parcels of land. The decree was rendered
by default on September 2, 1902. Service upon the defendants was
had by publication only, and there was no personal notice to or ap-
pearance by the appellee. The court below held the tax titles void:
First, for the defective description of the lands in the tax proceed-

ings and in the tax deeds; and, second, independently of those defects, for want of jurisdiction in the superior court, in that (1) no certificate of delinquency was ever filed with the clerk of that court, and (2) no complaint, petition, or application on which such foreclosure proceeding was had was filed in that court until the day on which the decree was rendered. As to the defect in the descriptions of the property, the Supreme Court of the state of Washington, in Ontario Land Co. v. Yordy, 44 Wash. 239, 87 Pac. 257, in a suit which had been brought to determine the validity of tax titles acquired to certain other property sold under the same decree of foreclosure for delinquent taxes, in which there was the same defect in description, held the descriptions good and sustained the tax titles. On writ of error to the Supreme Court of the United States to review that decision, the judgment was affirmed, and it was held that the tax titles were not void for any defect in the descriptions. Ontario Land Co. v. Yordy, 212 U. S. 152, 29 Sup. Ct. 278, 53 L. Ed. ——. That decision eliminates the question of defective descriptions from the case which is now before us, and it only remains to inquire whether the tax titles should be held void on account of defects and irregularities in the proceedings of foreclosure. The question of the effect of those irregularities in the proceedings was presented to the Supreme Court of Washington in the Yordy Case, but the court declined to pass upon them on the ground that the plaintiff in that suit had not tendered the delinquent taxes as required by Ballinger's Ann. Codes & St. Wash. § 5678 (Pierce's Code, § 8733), and the question is now presented in this case whether we are not precluded from any consideration of them for the reason that the appellee in its bill made no allegation that it had made the tender which is required by that section of the Code.

By section 5678, Ballinger's Ann. Codes & St. it is provided that no action shall be instituted for the recovery of property sold for taxes unless the person desiring to commence such action shall first pay or tender to the officer entitled to receive the same, all taxes, penalties, interests, and costs due and unpaid from such person on the property sought to be recovered. Section 5679 (section 8734) provides that in a suit such as this, for the recovery of land sold for taxes against a person in possession thereof, the plaintiff shall allege in his complaint that "all taxes, penalties, interest and costs paid by the purchaser at the tax sale, his assignees or grantees, have been fully paid or tendered, and the payment refused." Section 5680 (section 8735) provides that the two foregoing sections shall be construed as imposing additional conditions upon the complainant in actions for the recovery of property sold for taxes. The Supreme Court of Washington has held, in cases where objection to the complaint for want of allegation of such tender was raised in the court below, that the statute makes the allegation indispensable to the right of recovery. Merritt v. Corey, 22 Wash. 444, 61 Pac. 171; Denman v. Steinbach, 29 Wash. 179, 69 Pac. 751; Rowland v. Eskeland, 40 Wash. 253, 82 Pac. 599; Ontario Land Co. v. Yordy, 44 Wash. 239, 87 Pac. 257. That statute, so construed by the courts of the state, is, we think, controlling upon a federal court in that state in a similar proceeding. In Rice v. Je-

rome, 97 Fed. 719, 38 C. C. A. 388, the Circuit Court of Appeals for the Eighth Circuit held that the Circuit Court of the United States for the District of Colorado could not disregard the law of that state, which provided that, before lands sold at a tax sale for taxes legally assessed and due can be recovered from the holder of the tax title, the owner must pay the latter the amount for which the lands were sold at the tax sale, together with the interest and penalities provided by the law; that the decisions of the Supreme Court of a state construing and expounding its revenue laws are binding upon the federal courts in that state; and that in such courts such payment or tender is an indispensable condition to the right of the owner to maintain a bill in equity to cancel the tax sale certificates or remove the cloud cast by them upon his title. In Mendenhall v. Hall, 134 U. S. 559, 10 Sup. Ct. 616, 33 L. Ed. 1012, in view of the law of Louisiana, which provided that no sale of property for taxes shall be annulled for any. informality in the proceedings until the price paid with 10 per cent. interest be tendered to the purchaser, the court said that, if the complainant "had attempted to have the tax sale set aside for mere informality, it would have been a good plea in bar to any suit by him against the purchaser that he had not tendered the amount paid by him with interest thereon." The appellee in its bill in the present case made no averment of actual tender, but it expressed an unconditional offer to abide by the decree of the court and to pay such sum as the court should adjudge due to the appellant as a condition to the relief sought. But the objection that the bill was defective in that respect comes too late. There was no demurrer to the bill and no plea by the defendants in the suit of want of tender, and no suggestion of such a defense appears in the pleadings or record in the case. It is a general rule that the failure to comply with a condition precedent to the right to sue must be raised in the trial court so that opportunity may be afforded to amend, and the objection cannot be raised for the first time on appeal. 2 Cyc. 667, and cases there cited; Lombard v. McMillan, 95 Wis. 627, 70 N. W. 673; Adams v. Burdick et al., 68 Iowa, 668, 27 N. W. 911; Smith v. Bush, 58 Ga. 121; Pennypacker v. Umberger, 22 Pa. 492.

The revenue and taxation laws of Washington (Ballinger's Ann. Codes & St. Supp. § 1749 et seq.), as amended by the Laws of 1901, p. 383, c. 178, provide that, after taxes on real property are delinquent, the county treasurer may make out and issue certificates of delinquency, which shall specify, among other things, the amount of taxes and interest due, and that such certificates may be sold to any person applying therefor upon the payment of their value in principal and interest, and that three years after the date of delinquency the holder of such certificate may give notice to the owner of the property described therein that he will apply to the superior court of the county in which the property is situate for a judgment foreclosing the tax lien against the property, and they prescribe what the notice shall contain, and provide that it shall be served in the same manner as summons in civil actions. They provide further that, after the expiration of five years from the date of delinquency of taxes on property remaining on the tax rolls for which no other certificate of delinquency has been issued,

the county treasurer shall issue certificates of delinquency to the county, and shall file the same, when completed, with the clerk of the court, and shall thereupon proceed to foreclose in the name of the county; and follow the proceeding provided for in the case of foreclosure by an individual, with the exception that summons may be served exclusively by publication. In the present case the certificate of delinquency was never filed with the clerk of the superior court. The summons which was published gave notice that the county was the holder of the certificate of delinquency, and that the same was issued on January 31, 1898, and that the county would apply to the superior court of Yakima county for judgment foreclosing the lien thereof; and the judgment of foreclosure recites that the county is the owner and holder of the certificate of delinquency issued on January 31, 1898. On the day on which the decree of foreclosure was rendered, the county filed its written application for judgment, in which application were set forth the tax proceedings, the description of the property assessed, and a prayer that the county's lien against the property be foreclosed and that judgment be given against each piece, parcel, or tract of land described therein. It is contended that the application should have been filed at the beginning of the proceeding and before the issuance of the summons. We find no ground for so holding. The law does not provide for the filing of such an application. All that is required by the statute in that regard is that the summons shall notify the delinquent taxpayer that the holder of the certificate will apply for judgment of foreclosure. That notice was given in this case, and the county did, in pursuance thereof, file an application for judgment which contained all the essentials of a complaint, and thereby it fully complied with the statutory requirement.

But there is in the statute an express provision that the county treasurer shall file the certificates of delinquency with the clerk of the court, and that the treasurer shall thereupon proceed to foreclose. Does the omission to file that certificate render the foreclosure decree void? The answer depends on whether the provision is mandatory or directory. The Supreme Court of Washington has held that it is the latter. In Washington Timber, etc., Co. v. Smith, 34 Wash. 625, 76 Pac. 267, it was held that where in a tax foreclosure the court had jurisdiction, and by a nunc pro tunc order made after the judgment of foreclosure the filing mark on the certificates, which were not filed until 15 days after the first publication of the summons, was altered so as to antedate the first publication, the objection that they were not in fact filed in time relates to a mere irregularity which should have been raised in the foreclosure case, and that, since the summons and its publication complied with the law, the property owner was within the jurisdiction of the court, and was required to take notice of the action, and, not having raised the objection that the certificate was not filed, he was estopped thereafter to raise it, under section 1767 of Ballinger's Ann. Codes & St. Wash. (Pierce's Code, § 8704), which provides that such a judgment shall estop all parties from raising any objections thereto which exist at or before the rendition thereof and could have been presented as a defense to the application therefor, and declares that "the judgment itself shall be conclusive evidence of its regularity and validity in all

collateral proceedings except in cases where the tax or assessments have been paid or the real estate was not liable to the tax or assessment." In Miller v. Henderson, 50 Wash. 200, 96 Pac. 1052, the certificate was filed with the clerk of the court six weeks after the judgment of foreclosure, but before the sale. The court, after alluding to the power of taxation, which, it observed, was something more than a mere statutory right, and lay at the very foundation of government itself, said:

"Hence, we have felt that statutory provisions relating to taxation were rather regulations upon the power than the source from which the power is derived, and, being regulations, that they were to be regarded by the court as regulations are usually regarded when the proceedings had under them are attacked collaterally; that is to say, departures from the strict rule prescribed are to be regarded as fatal only where the departure affects some substantial right of the complaining party—where he is denied some substantial right which would have been granted him had the regulation been pursued according to its terms—but to deny relief where the departure complained of does not affect the complaining party either one way or the other. In the present case the delinquency thought to be fatal is of the latter sort. This omission to file the certificate of delinquency in the office of the county clerk prior to the issuance and service of the summons could in no manner affect the rights of the appellants. Nor was the thing itself in any way necessary to constitute due process of law, as the proceeding prescribed by the statute would have been as valid and obligatory without this requirement as with it. It being, therefore, neither essential to the rights of the landowners nor to the legality of the statute, we think the omission of the clerk to comply with it at the time contemplated by the framers of the act did not so far deprive the court of jurisdiction as to require us to hold the sale invalid."

It is to be observed that neither of these decisions goes so far as to hold that the filing of the certificate of delinquency with the court in the foreclosure proceedings may be wholly dispensed with without rendering the proceedings void; but that conclusion, we think, is properly inferable from what was decided, for if the filing of the certificate is not necessary to the jurisdiction of the superior court to proceed with the foreclosure, and if a judgment of foreclosure is valid in a case in which the certificate is filed six weeks after its rendition, it must follow that it is valid if the certificate is never filed. What is the precise office of the certificate of delinquency, and what is its function when filed with the clerk of the court in the foreclosure proceeding? It does not serve as notice to the county treasurer to begin foreclosure proceedings, for he is the officer who issues it. It is not filed as notice to the delinquent taxpayer, for the summons notifies him of the issuance of the certificate. If it be said that it is to be filed with the clerk in order that the delinquent taxpayer may know where to find it of record in case he seeks to ascertain whether it has been issued and foreclosure proceedings have been begun against him, the answer is that he can always ascertain at the office of the county treasurer whether taxes on his property are delinquent and whether a certificate of delinquency has been issued. Nor is the certificate the pleading on which the judgment rests. The application for judgment serves that purpose. But it would appear from the record in the present case that although the certificate was not filed it was exhibited to the court at the time when judgment was rendered, for the judgment entry recites that the plaintiff is the "owner and holder of the certificate of

delinquency," etc. In Smith v. Newell, 32 Wash. 369, 73 Pac. 369, the court held that where the owners of property are given their day in court, and an opportunity to question the tax, and the tax appears to be just, the court ought not to declare it void because of the omission of a ministerial officer to perform a statutory duty, unless it involve an injury incapable of correction. The court referred to the fact that the statute provides that no error or informality in the proceedings of any of the officers engaged in the assessment, levying, or collection of taxes shall vitiate or in any manner affect the tax, but that the court may, in the foreclosure action, correct defects and supply omissions made by such officers. The court said:

"This provision of the statute, it seems to us, was intended to enable the courts to correct just such omissions as were made by the treasurer in this instance. It was intended to put it in the power of the court on the hearing of a tax foreclosure suit to render judgment as the evident justice of the case required; that is, it was intended that the court should inquire into the merits of complaints made against tax proceedings, and allow them to prevail only when the matter complained of operated to the injury of the complaining party and is incurable by any judgment that can be entered in the foreclosure proceedings."

The revenue and taxation law of Washington is exceptionally lenient to the delinquent taxpayer, and affords him unusual protection in providing that his property may not be sold for delinquent taxes except upon foreclosure proceedings and after a long period of delinquency— three years in the case of foreclosure by an individual certificate holder, coupled with the requirement that service of the summons shall be had upon the taxpayer, as in the case of civil actions, and five years in the case of foreclosure by the county. The highest court of the state has held that the Legislature intended that the courts should be liberal in enforcing the collection of taxes; that owners of property are bound to take notice of the property which they own, and to know that taxes are due thereon, and to pay the same; that the filing of the certificate of delinquency with the clerk of the court is not essential to due process of law, and might have been dispensed with by the Legislature, and that the omission to file it is but an irregularity which must be objected to, if at all, in the foreclosure proceeding. That construction of the law is binding upon us, and it follows that the judgment must be reversed, and the cause remanded with instruction to dismiss the bill.