[No. 10606. Department One. June 4, 1913.]

CONTINENTAL DISTRIBUTING COMPANY, *Appellant*, v. JANE SMITH *et al.*, *Respondents.*[1]

TAXATION — FORECLOSURE—VALIDITY—DESCRIPTION OF LOTS. The fact that property was assessed on the tax rolls as in Squire city instead of in the town of Springdale, to which the name had been changed by legislative act, does not invalidate tax foreclosure proceedings, as against one who took the property by deed describing it as located in "Springdale, formerly Squire City."

SAME—SUMMONS—NAME OF OWNER. A general county tax foreclosure being a proceeding *in rem*, it is immaterial, if the property is properly described, what name or names of the owners are used in the notice. ·

Appeal from a judgment of the superior court for Stevens county, Carey, J., entered January 5, 1912, dismissing an action to set aside a tax deed and quiet title, after a trial on the merits. Affirmed.

[1]Reported in 132 Pac. 631.

*Fred M. Williams, R. M. Webster,* and *Jackson & Bailey,* for appellant.

*Jesseph & Grinstead,* for respondents.

CROW, C. J.—This action was commenced by the Continental Distributing Company, a corporation, against the widow, heirs at law, and administratrix of the estate of O. T. Smith, deceased, to set aside a tax deed and quiet plaintiff's title to the east half of lot seven in block four in the town of Squire City (now Springdale), Stevens county, Washington. From a judgment and decree in defendants' favor the plaintiff has appealed.

The lot, one-half of which is now in question, was originally platted as lot seven, in block four, of the town of Squire City. In 1895, the legislature changed the name of Squire City to Springdale. Laws 1895, ch. 54, page 97. Taxes for 1902, which were levied upon the half lot under the name of Squire City, and in the name of W. D. Storer as owner, became delinquent. In September, 1908, Stevens county commenced a general tax foreclosure against this property and other lots and tracts, upon a delinquency certificate theretofore issued to the county. In all these foreclosure proceedings, save and except the tax deed, the name of the owner appeared as W. B. Storer. A foreclosure decree was entered, sale was made, and on December 5, 1908, a tax deed was issued to O. T. Smith, now deceased. On June 10, 1905, appellant purchased the property from F. R. Bean and Nellie E. Bean, his wife, who then executed and delivered to appellant a warranty deed, describing the real estate as "The east one-half (½) of lot numbered seven (7), in block numbered four (4), of the original town of Squire City, now Springdale. according to the recorded plat thereof." Thereafter, and prior to the tax sale, appellant improved and rented the property. When the tax deed was delivered, O. T. Smith demanded of the tenant that rent be paid to him, which was done. Thereafter negotiations were commenced between ap-

pellant and O. T. Smith for an adjustment, whereby appellant could regain the title. These negotiations failed, and this action was commenced after the death of Mr. Smith.

Many assignments are presented in appellant's brief which raise but two questions: (1) whether the fact that the property was assessed upon the tax rolls as east one-half of lot seven in block four *in Squire City*, instead of *the town of Springdale*, avoided the tax levy, the foreclosure, and the tax deed; and (2) whether the use of the name W. B. Storer in the foreclosure proceedings, instead of the name of W. D. Storer, which appeared on the tax rolls as owner, invalidates the foreclosure and tax deed.

The deed by which appellant acquired title described the property as being located in the "original town of Squire City, now Springdale." This was notice to appellant that the lot as platted was located in Squire City, and that the name had been changed. Appellant seems to rely upon the warranty in the deed executed by its grantors as its excuse for failing to ascertain the fact that the taxes were delinquent. Without regard to this deed, it was appellant's duty to ascertain at its peril whether all taxes had been paid by its grantors. In *Ontario Land Co. v. Yordy*, 44 Wash. 239, 87 Pac. 257, this court held a description used in a tax levy and subsequent foreclosure was sufficient to identify the property and locate the same. It appeared that the taxing officers had used serial numbers for tracts of land they considered to be blocks in harmony with the numbers of other blocks on the original plat, although the property in question had not been subdivided into blocks and lots, but had been marked "reserved." In commenting upon the sufficiency of the description thus adopted, this court said:

"It is a well-established principle of law that a description in a deed, or other instrument affecting title to real estate, is sufficient if it affords an intelligent means for identifying the property, and does not mislead. In other words, if a person of ordinary intelligence and understanding can successfully use the description in an attempt to locate and identify the

particular property sought to be conveyed, the description answers its purpose and must be held sufficient. . . . When real estate is listed and assessed for taxation, it is ordinarily necessary that the assessment roll shall contain a reasonably accurate description of the tract sought to be taxed. The object of this requirement is stated by writers on taxation and tax titles to be three-fold, (1) it is designed to inform the owner of the claim upon his property; (2) it is designed that intending purchasers may know what property will be offered for sale in the event of the taxes becoming delinquent; and (3) it is also the intention that under such description a proper deed may be executed to the purchaser. Cooley, Taxation (2d ed.), p. 406; Black, Tax Titles (2d ed.), § 112. . . . No person of ordinary intelligence could fail to correctly identify the property intended to be taxed and afterwards conveyed. . . . ."

Appellant's second contention, that use of the name of W. B. Storer in the foreclosure proceedings, instead of W. D. Storer which appeared on the tax rolls, constituted a fatal defect, cannot be sustained. The tax foreclosure was a proceeding *in rem* instituted by Stevens county under Rem. & Bal. Code, § 9257, which provides that proceedings in a tax foreclosure prosecuted by a county, shall be the same as when a delinquency certificate is held by an individual, the summons, however, to be served exclusively by publication. It was only requisite that the description of the property which appeared upon the tax roll should be used, which description we have held sufficient to enable any interested party to identify the property here involved. Section 9257, *supra*, further provides:

"The names of the person or persons appearing on the treasurer's rolls as the owner or owners of said property for the purpose of this chapter shall be considered and treated as the owner or owners of said property, and if upon said treasurer's rolls it appears that the owner or owners of said property are unknown, then said property shall be proceeded against, as belonging to an unknown owner or owners as the case may be, and all persons owning or claiming to own, or having or claiming to have an interest therein, are hereby re-

quired to take notice of said proceedings and of any and all steps thereunder." (P. C. 501 § 241).

This court has held such a tax foreclosure to be a proceeding *in rem*, of which the actual owners must take notice. *Spokane Falls & N. R. Co. v. Abitz*, 38 Wash. 8, 80 Pac. 192. In *Noble v. Aune*, 50 Wash. 73, 96 Pac. 688, having under consideration substantially the same question now presented, we said:

"It is contended by appellants that the original tax proceeding was invalid for the reason that the court had no jurisdiction, inasmuch as in the foreclosure proceedings the name of the owner was given as 'Henry Acenie' instead of 'Henry Aune,' as it had appeared in the tax roll for some of the years for which taxes were delinquent. We think this contention cannot be upheld. This court has repeatedly held a tax foreclosure by a county to be a proceeding *in rem*. . . .

"Where a county prosecutes a general foreclosure, it is immaterial what name or names are used in the summons, or whether any is used. The summons is sufficient, in the absence of fraud, if the property is properly described. We recognize a clear distinction between a foreclosure by a county and one by an individual. In the latter case, greater strictness is required—the requirements as to service of summons being much the same as in the foreclosure of a mortgage."

The court had jurisdiction of the foreclosure proceedings, and appellant has shown no irregularity sufficient to avoid the tax sale and deed.

The judgment is affirmed.

PARKER, CHADWICK, MOUNT, and GOSE, JJ., concur.