[No. 19523. Department One. January 8, 1926.]

E. E. MERGES et al., Appellants, v. LYTLE S. ADAMS et al., Respondents.[1]

[1] TAXATION (154)—FORECLOSURE OF LIEN—PROCESS—DESIGNATION OF PARTY. In a general county tax foreclosure, it is not necessary to name the owners of the property in the summons, if the property is properly described.

[2] TAXATION (140)—SALE—NOTICE OF SALE—DESCRIPTION OF PROPERTY. The description of property in a general county tax foreclosure, which was within an original plat, part of which had been replatted, is sufficient where any one familiar with the records referred to or applying thereto, must at once be apprised that the description in the summons included the tract in question, and could not have been misled by the description, even if not technically correct.

[3] TAXATION (140)—SALE—NOTICE—DESIGNATION OF PARTY. A notice of a general county tax foreclosure sale, to owners who were tenants in common, partners, or co-owners, occupying the same office, will be held sufficient, where it was addressed to one of

'Reported in 242 Pac. 43.

them "et al.," mailed to and received at their office, and the
other owner, in response thereto, interviewed the county officers
and sought postponement of the sale, or an agreement for re-
demption.

Appeal from a judgment of the superior court for
Pacific county, Hewen, J., entered April 4, 1925, upon
findings in favor of defendants dismissing an action to
set aside a foreclosure sale for taxes, after a trial on
the merits to the court. Affirmed.

*Welsh & Welsh* and *John J. Langenbach,* for appel-
lants.

*Frank L. Walters* and *Wright, Froude, Allen &
Hilen,* for respondents.

Tolman, C. J.—This action is prosecuted by the ap-
pellants for the purpose of setting aside a general
county foreclosure for taxes for the years 1914 to
1917, inclusive, so far as it affects property the title
to which was vested in them. From a judgment
denying any relief, they have appealed.

[1] Appellants acquired the property in 1914. In
the procedure which they here attack, they are referred
to sometimes as "Merges and McNary," and some-
times as "E. E. Merges et al." Appellants contend
that they were tenants in common, while respondents
urge that they dealt with the property as copartners,
or, at least, as joint adventurers, but whether or no
is of no moment upon this question, because in a general
county foreclosure the name or names of the owners
is immaterial; citing our former decisions as settling
that rule.

In *Noble v. Aune,* 50 Wash. 73, 96 Pac. 688, it was
said:

"Where a county prosecutes a general foreclosure,
it is immaterial what name or names are used in the
summons, or whether any is used. The summons is

sufficient, in the absence of fraud, if the property is properly described. We recognize a clear distinction between a foreclosure by a county and one by an individual. In the latter case, greater strictness is required—the requirements as to service of summons being much the same as in the foreclosure of a mortgage.''

This holding has been repeatedly upheld and reaffirmed. *Patterson v. Toler,* 71 Wash. 535, 129 Pac. 107; *Continental Distributing Co. v. Smith,* 74 Wash. 10, 132 Pac. 631.

[2] It is next contended that the property was incorrectly described in the summons as published and in the notice of sale given by the county treasurer. All of the property here involved was included in a plat filed many years ago, which, in addition to the dedication of the streets and certain descriptive matter, not now of importance, consists of a map or maps, one portion being denominated, ''Map of the Town of Ilwaco,'' and the other, ''North Beach.'' The two tracts thus described are not contiguous, being separated by unplatted land and connected only by a county road. The plat itself has no name, except as the parts are so named. The property here involved is all within that part of the original plat denominated ''North Beach,'' and, after acquiring title to it, appellants duly executed and filed for record what they denominated ''Replat of North Beach Addition to Ilwaco,'' affecting a portion of their property and a portion of what was originally North Beach, and leaving a part of the property unaffected and still within the description of the original plat denominated ''North Beach.'' The tax rolls designated the property replatted, as ''Ilwaco Replat of North Beach Add.,'' and the property not replatted as ''Ilwaco North Beach Add.,'' so that, in the summons as published and in the notice given, the

property not replatted is described as "Ilwaco North
Beach Add. balance of tract less part included in re-
plat;" whereas it is contended that the technically
correct description would have been, "Tract J of North
Beach, Pacific County, Washington." A study of the
two maps and a comparison of the two descriptions
leads us irresistibly to the conclusion that anyone
familiar with the records, or applying thereto for
knowledge, must at once be apprised that the descrip-
tion, as contained in the summons and notice, included
Tract J of the original plat.

The fault found with the description of the property
included within the replat is even less substantial. As
we have already noticed, the replat is named "Replat
of North Beach Addition to Ilwaco," whereas the
description in the summons and notice is, "Replat of
North Beach Add.," the error, if it be such, consisting
only of the failure to add the words, "to Ilwaco."
Since the record seems to show that there was no
other North Beach, North Beach Addition, or North
Beach Addition to Ilwaco, in Pacific county, we see no
reason to hold that anyone could have been misled by
the omission of which complaint is made. In *Ontario
Land Co. v. Yordy,* 44 Wash. 239, 87 Pac. 257, we said:

"It is a well-established principle of law that a
description in a deed, or other instrument affecting
title to real estate, is sufficient if it affords an intelli-
gent means for identifying the property, and does not
mislead. In other words, if a person of ordinary in-
telligence and understanding can successfully use the
description in an attempt to locate and identify the
particular property sought to be conveyed, the descrip-
tion answers its purpose and must be held sufficient.
Mr. Jones, at section 323 of his treatise on the law of
Real Property in Conveyancing, says:

" 'The first requisite of an adequate description is
that the land shall be identified with reasonable cer-

tainty, but the degree of certainty required is always qualified by the application of the rule that that is certain which can be made certain. A deed will not be declared void for uncertainty if it is possible, by any reasonable rules of construction, to ascertain from the description, aided by extrinsic evidence, what property it was intended to convey. The office of a description is not to identify the land, but to furnish the means of identification. The description will be liberally construed to afford the basis of a valid grant. It is only when it remains a matter of conjecture what property was intended to be conveyed, after resorting to such extrinsic evidence as is admissible, that the deed will be held void for uncertainty in the description of parcels.'

"When real estate is listed and assessed for taxation, it is ordinarily necessary that the assessment roll shall contain a reasonably accurate description of the tract sought to be taxed. The object of this requirement is stated by writers on taxation and tax titles to be three-fold, (1) it is designed to inform the owner of the claim upon his property; (2) it is designed that intending purchasers may know what property will be offered for sale in the event of the taxes becoming delinquent; and (3) it is also the intention that under such description a proper deed may be executed to the purchaser. Cooley, Taxation (2d ed.), p. 405; Black, Tax Titles (2d ed.), § 112."

See, also, *Continental Distributing Co. v. Smith, supra,* and *National Bank of Commerce of Seattle v. Davies,* 112 Wash. 106, 191 Pac. 879, and cases there cited.

Under the rule of these cases, we are satisfied that the description was sufficient.

[3] The third and last question is as to the sufficiency of the service of the notice of sale. It seems to be admitted that a notice of sale describing the property, as it was described in the summons, addressed to E. E. Merges et al., and enclosed in an envelope ad-

dressed to E. E. Merges at his office in Portland, Oregon, was mailed in due time, but with insufficient postage; that it was received by Merges at the office to which it was addressed, which was occupied jointly by both Merges and McNary. No delay in its receipt is traced to the insufficiency of the postage, and we are satisfied from the record that, in response to the notice, McNary went to the county seat, interviewed the county treasurer, and sought a postponement of the sale; or, if not that, an understanding which would permit of a redemption (in effect) after sale; and that he showed a knowledge of the true situation which could have been obtained only from the notice itself or the record in Pacific county. While it might well be held that the evidence is sufficient to establish that appellants held and dealt with the property as copartners, and that notice to one would be notice to both, yet we do not find it necessary to go so far. It clearly appears that appellants jointly occupied a suite of offices with a common entrance; that the notice was mailed to and received at that office; that, while it was outwardly addressed to but one, the other acted upon it,—probably had it with him when he went to interview the county treasurer, and certainly then knew its contents. Nothing is established as occurring at that interview which was of such a nature as should have misled him, and we are satisfied from the whole record that the judgment of the trial court is right.

The judgment appealed from is affirmed.

MACKINTOSH, HOLCOMB, ASKREN, and FULLERTON, JJ., concur.