### UNITED STATES v. MAYSE et al.

(District Court, D. Oregon.   May 19, 1924.)

No. E–8619.

**1. United States ⬤⟹125—Not sued without consent.**

The government may not be sued without its consent.

**2. United States ⬤⟹55—Government, acquiring property incumbered with liens, not disturbed in title.**

The government will not be disturbed in its title to property that it has acquired incumbered with liens, whether arising from tax proceedings, judgment, or other contractual relations of private individuals.

**3. Taxation ⬤⟹774—Tax deed held effective from date of issuance, notwithstanding decree vacated in Oregon and later reinstated.**

Where tax deed was issued to defendant after decree of foreclosure, and later the decree was vacated to permit contest of regularity of proceedings, and finally original decree was re-established and reaffirmed, and declared to be in full force, the reinstatement of the decree made the tax deed effective from date of issuance and superior to right of government, which meanwhile purchased the land, in view of Or. L. § 4363.

**4. Taxation ⬤⟹816—Title under tax deed not vacated because of proceedings after government purchased land, though not made party in Oregon.**

Where tax deed was issued, and subsequently government purchased land from former owner, and later decree supporting tax deed was vacated and proceedings had to permit contest of regularity of foreclosure, the fact that proceedings were had in the foreclosure matter after the government acquired deed, did not invalidate title conveyed by tax deed, though government was not made a party, the original decree being re-established and reaffirmed, under Or. L. § 4363.

In Equity.   Suit by the United States against A. J. Mayse, in which S. L. Leatherman and another were brought in as defendants by order of court.   Suit dismissed, and motions of interveners to strike portions of answer and cross-bill of defendant denied.

John S. Coke, U. S. Atty., of Portland, Or., and S. W. Williams, Sp. Asst. Atty. Gen.

L. A. Liljeqvist, of Portland, Or., and J. J. Stanley, of Coquille, Or., for defendant Mayse.

Bennett & Swanton, of Marshfield, Or., for defendants Leatherman and Parry.

WOLVERTON, District Judge.   After the motion to dismiss the complaint in this case was denied, defendant Mayse filed his answer and cross-complaint.   Later S. L. Leatherman and Otto E. Parry, each claiming a right to certain parts of the real property in question, derived from the plaintiff, were made parties defendant, and, appearing, each separately moved the court to strike, in separate portions, practically the entire cross-complaint.   More recently, as between the government and defendant Mayse, the case has been set down on bill and answer, and argued and submitted.

The questions presented for decision are practically the same, whether upon the motions or upon the bill and answer.   Mayse claims title to the property under two tax deeds, executed by the sheriff of Coos

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

county in pursuance of two certain tax proceedings—one instituted by Mayse individually, as owner of a tax certificate of delinquency, and the other by Coos county, as owner of many tax certificates of the kind, one of which affects the property in dispute. Mayse's certificate of delinquency was issued to him on account of the 1909 taxes, assessed against the property while the Southern Oregon Company was the owner. He paid the subsequent taxes, for the years 1910 to 1915, and instituted his foreclosure March 27, 1916. Decree of foreclosure was entered May 29, 1916, and sheriff's deed, under sale made in pursuance of the decree, was executed June 17, 1916. On application of the Southern Oregon Company, the defendant in the cause, the decree was vacated, on November 27, 1916, in order to afford opportunity for it to answer. The answer having been filed, a demurrer was interposed thereto October 20, 1921. This was sustained by the court November 29, 1921. The cause coming on to be heard, the court made findings and entered its final decree September 19, 1922, whereby it was decreed that the judgment and decree, and all proceedings theretofore had thereunder, should stand unaffected by the defense interposed by the Southern Oregon Company, that the order previously made, vacating the judgment and decree of foreclosure, should be set aside, and the said judgment and decree of foreclosure re-established and reaffirmed, and declared to be of full force and effect.

By a further and separate answer and cross-complaint it is made to appear that these premises were duly assessed again for the year 1916, in the name of the Southern Oregon Company, and that the taxes so assessed became delinquent; that after the expiration of three years a certificate of delinquency issued to Coos county, on September 15, 1920; that proceedings were instituted in the name of the county January 31, 1922, to foreclose the tax lien thus acquired; that subsequently, on July 25, 1922, in the circuit court of the state of Oregon for Coos county, judgment and decree of foreclosure were duly entered; and that, pursuant to such decree, the sheriff again sold the property to defendant Mayse, and on August 12, 1922, issued and delivered to him a deed to the premises, which was in due time recorded. The government, under and in pursuance of an act of Congress respecting the Coos Bay wagon road lands (40 Stat. 1179), acquired title to this property, along with other lands, by deed from the Southern Oregon Company of February 27, 1919.

[1, 2] The question is presented, under this record, as shown by the bill and answer, whether the government is entitled to a decree declaring it to be the owner of this property, divested of any apparent incumbrance that may exist by reason of the tax titles of Mayse. It is true, as a legal proposition, that the government may not be sued without its consent. Nor will it be disturbed in its title to property that it has acquired incumbered with liens, whether arising from tax proceedings, judgment, or through contractual relations of private individuals.

[3] Mayse acquired his first tax deed June 17, 1916. Without else, that deed vested him with the title to the premises, for the regularity of the tax proceedings is not questioned here. The decree of foreclosure, however, in pursuance of which the sale was made and deed issued, was later, on November 27, 1916, opened up and vacated for permitting the

Southern Oregon Company to file an answer and contest the regularity of the proceeding. The deed itself was not disturbed, nor declared nugatory, even for the time being. After much time, but in the final adjustment, the order vacating the judgment and decree of foreclosure was set aside, and the original judgment and decree were re-established and reaffirmed, and declared to be in full force and effect. This did not occur until September 19, 1922.

In my view of the situation, a question of practice in tax procedure is involved, which is decisive of the controversy. It is provided in section 4363, Oregon Laws, among other things, that:

"No certificate of delinquency or sale of land for taxes, or deed made in pursuance thereof shall be of any validity if the taxes for which the certificate was issued shall have been paid prior to the issuance of such certificate: Provided, that any defendant or person owning or interested in any of the lands, tracts or lots against which judgment and decree has been rendered, and who has not been personally served with the notice or summons of the application for judgment or decree of foreclosure, and who has not appeared therein, may, upon good cause shown and upon such terms as may be proper, be allowed to defend and file his objections after such judgment or decree, and within one year after the entry thereof, upon such terms as may be just; and if the defense be successful the said judgment or decree, and all proceedings thereunder, shall be vacated, set aside and held as though they had never been made or had; and if the defense is unsuccessful the court shall enter an order dismissing the defense and objections, and the judgment or decree and proceedings thereunder shall stand unaffected by said defense."

The line of procedure thus delineated was not followed strictly in the foreclosure proceedings conducted in Mayse's behalf. Instead of determining whether the Southern Oregon Company had a good defense, without disturbing the judgment and decree previously entered, the court vacated the decree, and later, determining the defense to be without merit, reinstated it. This was but an irregularity, and not vital to the validity of Mayse's tax deed, which never was disturbed. Nor was it necessary to disturb it. The reinstatement of the decree, which gave it vitality, left it supported by an underlying judgment and decree, and it must be held to be effective from the date of its issuance to Mayse. Thus it appears that Mayse was possessed of a valid title to the premises long prior to the date when the government acquired its title, and that Mayse's title is the better one.

[4] That proceedings were conducted in the foreclosure matter after the government acquired its deed does not, in my opinion, invalidate Mayse's title. Such tax proceedings are in rem (Coy v. Title Guarantee & Trust Co. [D. C.] 257 Fed. 571), and it was unnecessary that the government should have been made a party. I do not say that tax proceedings to enforce the lien for taxes could be instituted after the government had acquired title. But in the present case, where the title was acquired before the government came to its title, I can see no valid objection to carrying forward the proceedings in the absence of the government as a party, as was done here, for winding out the matter in suit.

There is another view that has been suggested with respect to the procedure prescribed by the statute, which is that it is special, and that the court was without authority to vacate the foreclosure decree in

the first instance, and could proceed only as the law directs. If this is the sound view, Mayse's title is valid, notwithstanding the action taken by the court subsequently. What was done through the foreclosure proceeding instituted by Coos county, respecting the 1916 taxes, could not affect the government; nor does it help Mayse with respect to his tax title acquired June 17, 1916.

The result is, therefore, that the government's suit to quiet its title must be dismissed, and that the motions of the interveners to strike portions of the answer and cross-bill of defendant Mayse must be denied.