[No. 7229. Decided July 16, 1908.]

H. E. NOBLE et al., Respondents, v. H. G. AUNE et al., Appellants.[1]

PROCESS—PUBLICATION—MAILING SUMMONS — JUDGMENTS — VACATION—FRAUD. Where plaintiff knew a nonresident defendant's post-office address, service by publication without mailing a copy of the summons confers no jurisdiction, although plaintiff made affidavit that he did not know defendant's "residence"; and the judgment is properly vacated for fraud.

JUDGMENT—COLLATERAL ATTACK. An action to set aside a decree fraudulently obtained is a direct and not a collateral attack, although further relief by way of quieting title is asked and may be given if found appropriate.

TAXATION—FORECLOSURE BY COUNTY—SUMMONS—NAME OF OWNER. A tax foreclosure proceeding is a proceeding in rem, and it is immaterial what name or names of the owners are used in the summons.

Appeal from a judgment of the superior court for Pierce county, Reid, J., entered October 5, 1907, upon findings in favor of the plaintiffs, quieting title, after a trial on the merits before the court without a jury. Affirmed.

[1]Reported in 96 Pac. 688.

*Fairchild & Bruce*, for appellants.

*T. W. Hammond*, for respondents.

Root, J.—This is an appeal from a judgment and decree rendered upon the issues presented in two actions that had been consolidated for the purposes of trial, said actions having to do with certain real estate, sold or attempted to be sold pursuant to tax foreclosure proceedings. The property in question appears to have been assessed in 1894 to one Henry Aune, and in 1895 to "Henry Aunie." The record does not show what name appears upon the assessment rolls at any time subsequent to 1895 or prior to 1894, except that for the year 1893 no name was used upon the assessment roll, nor was it assessed as "unknown." The taxes not being paid for the years 1893, 1894, and 1895, a certificate of delinquency was issued in 1898 to Pierce county, describing the owner as "Henry Acenie." The county foreclosed in a general action, with service by publication, wherein the name of the owner was given as "Henry Acenie." The property was purchased by respondent H. E. Noble, and a deed for the same delivered to him by the county treasurer. Thereafter he had certain personal interviews and some correspondence with Henry Aune, or his successor in interest, H. G. Aune, one of appellants, relative to a quitclaim deed to the property. Said Noble was then living in Portland, Oregon, to which place his letters were directed by Aune, and from which place the latter received letters from Noble bearing the latter's street address. Shortly after the correspondence closed, Aune brought an action to set aside the tax foreclosure proceedings, and made an affidavit that he did not know the residence of respondent Noble, and that he was a nonresident of the state of Washington. Thereupon summons was published in the Eatonville Eagle, a newspaper published in a small town and having a very limited circulation. No personal service was had upon either of respond-

ents, and no copy of the summons or complaint was sent to them or either of them. A decree setting aside the foreclosure decree and sale of the property was taken in due time and regularly entered. All of these proceedings were had without the knowledge of respondents or either of them. The latter, after hearing of said proceedings, commenced one of the actions consolidated herein to set aside the decree referred to, upon the ground that jurisdiction was obtained by fraud and perjury.

Appellants virtually concede that Aune knew respondents' postoffice address, but argue that "residence" and "postoffice address" are not synonymous, and that the fact that they knew the postoffice address of Noble did not prevent them from in good faith making the affidavit that they did not know his "residence." After the decree was entered setting aside the foreclosure decree and the sale to respondent thereunder, appellant Aune sold the property to appellant King, who some time thereafter began an action against respondents and others to quiet her title to the premises. This action was consolidated with that instituted by respondents against Aune and King, and after trial the superior court entered a decree setting aside the decree by which the foreclosure decree and sale were set aside, and cancelled the deed of Aune to King, and quieted title in respondents herein. We think that Aune was under obligations to send a copy of the summons to Noble, inasmuch as he knew his postoffice address, and the fact that he did not do so, but proceeded to take judgment on a summons by publication, amounted to a fraud against respondents, and that the court did not acquire jurisdiction in the case.

It is urged by appellants that this is a collateral attack, inasmuch as the respondents seek to quiet title as well as to set aside the former judgment and decree. We do not think this position tenable. The action was brought expressly to set aside the decree that had been fraudulently obtained, and

it was proper that further relief in the matter of quieting title should be asked for and granted, if found appropriate.

It is contended by appellants that the original tax proceeding was invalid for the reason that the court had no jurisdiction, inasmuch as in the foreclosure proceedings the name of the owner was given as "Henry Acenie" instead of "Henry Aune," as it had appeared in the tax roll for some of the years for which taxes were delinquent. We think this contention cannot be upheld. This court has repeatedly held a tax foreclosure by a county to be a proceeding *in rem.* *Woodward v. Taylor*, 33 Wash. 1, 73 Pac. 785, 75 Pac. 646; *Washington Timber & Loan Co. v. Smith*, 34 Wash. 625, 76 Pac. 267; *Williams v. Pittock*, 35 Wash. 271, 77 Pac. 385; *Morrison v. Shipman*, 37 Wash. 171, 79 Pac. 632; *Jefferson County v. Trumbull*, 34 Wash. 276, 75 Pac. 876; *Spokane Falls & N. R. Co. v. Abitz*, 38 Wash. 8, 80 Pac. 192; *Rowland v. Eskeland*, 40 Wash. 253, 82 Pac. 599; *Leigh v. Green*, 193 U. S. 79, 24 Sup. Ct. 390, 48 L. Ed. 623; *McQuade v. Jaffray*, 47 Minn. 326, 50 N. W. 233.

Where a county prosecutes a general foreclosure, it is immaterial what name or names are used in the summons, or whether any is used. The summons is sufficient, in the absence of fraud, if the property is properly described. We recognize a clear distinction between a foreclosure by a county and one by an individual. In the latter case, greater strictness is required—the requirements as to service of summons being much the same as in the foreclosure of a mortgage. Laws 1901, pp. 384, 385; *Anderson v. Turati*, 39 Wash. 155, 81 Pac. 557; *Pyatt v. Hegquist*, 45 Wash. 504, 88 Pac. 933.

The judgment and decree of the trial court is affirmed.

HADLEY, C. J., RUDKIN, FULLERTON, and MOUNT, JJ., concur.