[No. 10574.   Department Two.   January 18, 1913.]

HARRIET E. PATTERSON, *Appellant*, v. RALPH M. TOLER,

*Respondent.*[1]

TAXATION—FORECLOSURE BY COUNTY—SUMMONS—NAME OF OWNER.
In a general tax foreclosure prosecuted by the county, the summons
is sufficient if the property is properly described, notwithstanding a
mistake in the name of the owner.

Appeal from a judgment of the superior court for Clallam
county, Still, J., entered January 25, 1912, dismissing an ac-
tion to set aside a tax foreclosure, upon sustaining a demur-
rer to the complaint.   Affirmed.

*Geo. Venable Smith* and *T. H. Patterson*, for appellant.

*Cochran & Thorp*, for respondent.

FULLERTON, J.—In 1907 the county of Clallam, in a gen-
eral tax foreclosure proceeding, sold for delinquent taxes
certain lots and parcels of land, situated in that county, now
claimed by the appellant.   This action was instituted by her
to set aside the foreclosure proceedings and the deed executed
thereunder, as clouds upon her title.   A demurrer was inter-
posed and sustained to the complaint, and on the appellant's
refusing to plead further, a judgment of dismissal, and for
costs, was entered against her.   This appeal followed.

In the complaint it is alleged that, for the years 1900 to
1905, inclusive, the property in question appeared upon the
assessment rolls as the property of Warren J. Hoag; and for
the years 1906 and 1907, it appeared as the property of W.
J. Hoag.   In the certificate of delinquency issued to the
county, which furnished the foundation for the foreclosure
proceeding, the property was shown as the property of W.
G. Hoag, and in the published summons the name of W. G.
Hoag followed the description of the property as the owner

[1]Reported in 129 Pac. 107.

thereof; the property being during all of such times the property of Warren J. Hoag.

It was the failure to insert in the published summons either the name of the person shown on the assessment roll to be owner of the property, or the name of the actual owner thereof, that is thought to be so far fatal to the foreclosure proceedings as to render the same void. The appellant cites a number of cases from this court to sustain her contention to the effect that it is necessary to a valid foreclosure for delinquent taxes that the summons be addressed to the actual owner of the property, or to the person shown on the assessment roll to be such owner. But the cases cited are all cases where the certificate of delinquency was issued to and foreclosed by a private individual; none of them having reference to a general foreclosure of delinquency certificates brought by the county on certificates issued to the county. In the latter class of cases, a different rule obtains; the summons being sufficient in such cases if the property itself is properly described, notwithstanding a mistake may be made in the name of the person shown to be the owner. This is made clear by the case of *Noble v. Aune,* 50 Wash. 73, 96 Pac. 688, where we said:

"It is contended by appellants that the original tax proceeding was invalid for the reason that the court had no jurisdiction, inasmuch as in the foreclosure proceedings the name of the owner was given as 'Henry Acenie' instead of 'Henry Aune', as it had appeared in the tax roll for some of the years for which taxes were delinquent. We think this contention cannot be upheld. This court has repeatedly held a tax foreclosure by a county to be a proceeding *in rem.* *Woodward v. Taylor,* 33 Wash. 1, 73 Pac. 785, 75 Pac. 646; *Washington Timber & Loan Co. v. Smith,* 34 Wash. 625, 76 Pac. 267; *Williams v. Pittock,* 35 Wash. 271, 77 Pac. 385; *Morrison v. Shipman,* 37 Wash. 171, 79 Pac. 632; *Jefferson County v. Trumbull,* 34 Wash. 276, 75 Pac. 876; *Spokane Falls & N. R. Co. v. Abitz,* 38 Wash. 8, 80 Pac. 192; *Rowland v. Eskeland,* 40 Wash. 253, 82 Pac. 599; *Leigh v. Green,* 193

U. S. 79, 24 Sup. Ct. 390, 48 L. Ed. 623; *McQuade v. Jaffray,* 47 Minn. 326, 50 N. W. 233.

"Where a county prosecutes a general foreclosure, it is immaterial what name or names are used in the summons, or whether any is used. The summons is sufficient, in the absence of fraud, if the property is properly described. We recognize a clear distinction between a foreclosure by a county and one by an individual. In the latter case, greater strictness is required—the requirements as to service of summons · being much the same as in the foreclosure of a mortgage. Laws 1901, pp. 384, 385; *Anderson v. Turati,* 39 Wash. 155, 81 Pac. 557; *Pyatt v. Hegquist,* 45 Wash. 504, 88 Pac. 933."

The appellant attacks the case cited, contending that it is inconsistent with other decisions of this court and contrary to a proper construction of the statute. But a reexamination of the question suggested has convinced us that the principle of the case is sound, and that no cause exists for a modification of the rule therein announced.

The judgment is affirmed.

MOUNT, ELLIS, MORRIS, and MAIN, JJ., concur.