COY v. TITLE GUARANTEE & TRUST CO. et al.

(District Court, D. Oregon. May 12, 1919.)

No. 3209.

1. TAXATION ⬨⟶641—FORECLOSURE OF LIENS—PARTIES DEFENDANT—RECEIVER.
   Under L. O. L. § 3698, in proceedings on behalf of a county to foreclose tax liens, the parties whose names appear on the tax roll in the hands of the sheriff as owners are to be deemed the interested parties, and required to be made codefendants, and the proceedings against such defendants are not void as affecting the true owner, or a receiver of a lienholder on the property, appointed by the federal court, who was not made a party defendant.

2. TAXATION ⬨⟶636—FORECLOSURE OF LIENS—PROCEEDINGS IN REM.
   Proceedings in Oregon on behalf of a county for foreclosure of tax liens are largely proceedings in rem under the Oregon statutes, adopted from the state of Washington.

3. STATUTES ⬨⟶226—CONSTRUCTION—ADOPTION OF LAW OF OTHER STATE.
   By adopting the law of another state, the adopting state is deemed also to have adopted the interpretation of such law by the courts of the state from which it was adopted.

4. TAXATION ⬨⟶640—PROCEEDINGS TO FORECLOSE LIEN—LIMITATIONS—STATUTES.
   Proceedings in behalf of a county to foreclose tax liens held not barred, by reason of the property incumbered by the lien not having been sold within 6 years from the date of original delinquency, by L. O. L. § 3721, repealed by Sess. Laws Or. 1917, p. 846.

5. RECEIVERS ⬨⟶173—FORECLOSURE OF TAX LIENS—LEAVE OF COURT TO SUE RECEIVER.
   Proceedings on behalf of a county to foreclose tax liens held maintainable, without first obtaining leave of the federal court to join as codefendant the receiver of a company which held a lien on the lands involved: the receiver, as virtual mortgagee under a trust, not being entitled to possession of the property.

In Equity. Suit by N. Coy against the Title Guarantee & Trust Company and others. On objections by the receiver of the Title Guarantee & Trust Company to certain tax proceedings on the part of Coos County. Objections dismissed.

W. C. Bristol, of Portland, Or., for receiver.
L. A. Liljeqvist, of Marshfield, Or., for Coos County.

WOLVERTON, District Judge. On October 22, 1918, Coos county and W. W. Gage, sheriff thereof, were permitted, by order of this court, to implead R. S. Howard, Jr., as receiver of the Title Guarantee & Trust Company, in this cause, respecting certain litigation pending in the state court relative to state, county, and municipal taxes as-

sessed for the years 1907 to 1912, inclusive, against certain real property situated in Coos county, in which R. S. Howard, Jr., as such receiver, claims an interest.

On and prior to April 30, 1904, F. B. Waite, L. D. Kinney, and J. N. Shahan were indebted to the Title Guarantee & Trust Company in the sum of $54,091.70, for which they had given their notes. On and prior to said April 30, 1904, John K. Kollock became vested, by deeds duly and regularly executed, with the title to certain lands theretofore included in what was known as the "Rice trust," with power to sell the same to satisfy out of certain of the proceeds the indebtedness due the Title Guarantee & Trust Company. As determined by the Supreme Court of this state, in the case of Kollock v. Bennett, 53 Or. 395, 401, 100 Pac. 940, 942 (133 Am. St. Rep. 840), the deeds to Kollock were intended to transfer a complete title, and, as the court says:

"It was fully understood at the time of the execution thereof that he [Kollock] should have full power to sell the property, execute deeds to purchasers, and apply the proceeds in cancellation of the Title Guarantee & Trust Company's claims, and account to his grantors for any sum remaining. By virtue of these transactions, respondent became, not a mortgagee, but a holder of the legal title, and liable only to account as trustee for the proceeds of sales from the property when made, and entitled to maintain a suit in his own name with reference thereto."

As it respects the real property a brief description of which is set forth in Exhibit A to the petition and report of R. S. Howard, Jr., receiver, filed in the above-entitled matter December 6, 1917, it was assessed by the assessor of Coos county to John K. Kollock for the years 1907 to 1912, inclusive—possibly in some instances to John K. Kollock and F. B. Waite, and in others to Kollock and L. D. Kinney. The taxes levied in pursuance of these assessments became delinquent on the 1st of April of the year following the respective assessments. After the expiration of more than three years after the taxes became delinquent for each year, the sheriff and tax collector for Coos county issued to Coos county certificates of delinquency in the manner provided by law. Subsequently, but within six years after the taxes became delinquent for each year, proceedings were instituted by Coos county to foreclose the liens for such taxes. There were five proceedings in all; the first involving the taxes for the years 1907 and 1908, and the other four involving the taxes, respectively, for the years 1909, 1910, 1911, and 1912.

Three questions are insisted upon by the receiver of the Title Guarantee & Trust Company, and are involved by the present controversy, namely:

First. Whether the proceedings in the state court to foreclose the alleged tax liens are inoperative and void, as it affects the receiver in this court, by reason of the fact that such receiver was not made a party to such foreclosure proceedings.

Second. Whether any of such proceedings are barred by reason of the property incumbered by the tax lien not having been sold within six years from the date of the original delinquency, in pursuance of

section 65 of the act of the Legislative Assembly of 1907 (chapter 267, Session Laws 1907); and

Third. Whether such proceedings could be lawfully maintained without first obtaining leave of this court in the Title Guarantee & Trust Company receivership matter to institute the same.

We will treat of these in their order. The statute, in case of foreclosure of tax liens by the county, declares that all persons interested in any of the property involved in such proceeding may be made codefendants in the action. It then further provides that—

"The names of the person or persons appearing on the tax roll in the hands of the tax collector for collection at the date of the first publication of such notice as the owner or owners of said property shall, for the purpose of this section, be considered and treated as the owner or owners, of said property." Section 3698, Lord's Oregon Laws.

It is further provided that, in all judicial proceedings of the kind, no assessment of property or charge for any of said taxes shall be considered illegal on account, among other things, of the property having been charged or listed in the assessment or tax roll without any name, or with any other name than that of the owner. Section 3701, Lord's Oregon Laws.

The property in the main, at least so far as it pertains to this controversy, was assessed to John K. Kollock individually, but possibly in some instances to John K. Kollock and F. B. Waite, and perhaps in some instances to L. D. Kinney also. In no instance was the property assessed to John K. Kollock, trustee. And we may assume that such was the state of the tax rolls in the hands of the sheriff for collection at the date of the first publication of notice in each of the several tax proceedings.

[1] Construing the first of the above-cited sections, it simply means that when the proceedings are carried on in behalf of the county to foreclose the tax liens, all persons interested in any of the property involved may be made parties codefendant; that is to say, the county (but not an individual), where it is proceeding to foreclose, may join as codefendants all persons interested in any of the property involved. But, in order to determine who those parties codefendant shall be, one must look to the succeeding clause, being the one above quoted. They are to be the persons whose names appear on the tax roll in the hands of the sheriff for collection at the date of the first publication of such notice. Thus the parties to be made codefendants may not necessarily be the parties to whom the property was primarily assessed. The property in the meanwhile—that is, between the time of assessment and the time of the first publication of notice—may have changed hands or ownership, and it is incumbent upon the county to look to the tax roll in the hands of the sheriff at the date of the first publication to determine where the present ownership lies. The information thus gained from such tax roll furnishes the data for determining who are the parties interested, and consequently who are to be made parties codefendant in the proceeding. The parties whose names appear on the tax roll then in the hands of the sheriff as owners are, for the purposes of the proceeding, to be considered

and treated and are to be deemed the owners of the property involved. In other words, they are to be deemed the "interested" parties, and all such should be made codefendants in the proceeding to foreclose. This interpretation, to my mind, defines the obvious intendment of the statute. Section 3701, supra, furnishes a guide or rule for determining whether the original assessment is valid and should be upheld, when the court is called upon to enter its decree in the tax proceeding.

[2, 3] These tax proceedings are largely proceedings in rem. It is so held by the Supreme Court of the state of Washington in construing assessment and taxation statutes there in force, from which those in Oregon are taken. By adopting the law of another state, the state is deemed also to have adopted the interpretation of such law by the courts of the state from which it was adopted. Patterson v. Toler, 71 Wash. 535, 129 Pac. 107.

The statute having prescribed the rule by which interested parties shall be ascertained, the proceeding will not be rendered nugatory, if it should turn out that the tax roll in the hands of the sheriff at the date of the first publication of notice did not give the name of the true owner of the property, resulting in the true owner not having been made a party to the proceeding. Every person is deemed to have knowledge of the taxing laws. He knows that his real property is subject to assessment, and that delinquency will follow nonpayment of taxes, and subject his property to sale. He is bound, therefore, to take heed of what is being done by the taxing officers to subject his property to the payment of taxes lawfully assessed against it. The proceeding being in rem, it is sufficient if the county make those persons parties which the law directs that it shall, and it is not fatal to the proceeding, the dictates of the law having been followed, that a real owner should not have been made a party codefendant. In any event, public notice is given for a reasonable time, and all owners are warned of the proceeding affecting their property. Wilfong v. Ontario Land Co., 171 Fed. 51, 96 C. C. A. 293.

Now, the receiver of the Title Guarantee & Trust Company was not an owner, and the largest interest the trust company had or could have in the property was a lien thereon as security for the payment of money obligations. It was not such a person or concern as the statute requires to be made a party to the tax proceeding, and the proceedings instituted are not void or inoperative because the receiver was not made a party thereto.

[4] As to the second question presented, section 65 of the law of 1907 (page 480, Sess. Laws 1907), and known as section 3721, Lord's Oregon Laws, has relation to the sale of property acquired by the county through tax proceedings provided for by the law. It provides that, if the property is not sold by the county within six years from the date of the original delinquency, it shall be conclusively presumed against the county that it has duly received redemption from the sale and subsequent taxes advanced by the county.

Section 3717, Lord's Oregon Laws, which provides for the sale by the county of lands acquired by it through tax proceedings, was

amended in 1917 (Sess. Laws 1917, c. 408, p. 846), and among other things it was provided that:

"All sales now being made under existing laws shall be completed according to the laws in existence and in force prior to the passage of this act."

By the same act, section 3721, Lord's Oregon Laws, was repealed in toto. The proviso, under the amendment of section 3717, has relation to sales being made by the county of lands acquired by it through tax proceedings, and not to the tax proceedings themselves. The lands involved by the several proceedings in question have never as yet been acquired by the county, and there never has rested upon it any legal obligation or duty to sell them in pursuance of section 3717, either as amended or as it stood prior to amendment; and no doubt the Legislature, seeing the futility of the county's being able to acquire title and then make a resale of the property within six years after the original delinquency, repealed section 3721, and adopted in its stead an amendment to section 3695, Lord's Oregon Laws, which requires that the proceeding to foreclose shall be commenced within six years from the date of the original delinquency. The repeal of section 3721, Lord's Oregon Laws, renders it inoperative, in so far as it applies or ever applied to any of the proceedings here contested.

[5] The third question involves the inquiry whether the proceedings on the part of the county to foreclose the tax liens could be maintained without first obtaining leave of this court to make the receiver of the Title Guarantee & Trust Company a party codefendant. This depends upon whether the tax proceeding affects property in the hands of the receiver, or property in custodia legis. The receiver of the Title Guarantee & Trust Company was authorized and required to take possession of all property belonging to such company, whether real, personal, or mixed, and when he has so taken possession the property cannot be disturbed in his hands, or in the hands of the court, without leave of the court first had and obtained. The duties and functions of a receiver are clearly set forth by Mr. Justice Swayne, in Davis v. Gray, 16 Wall. 203, 217 (21 L. Ed. 447). He says:

"A receiver is appointed upon a principle of justice for the benefit of all concerned. Every kind of property of such a nature that, if legal, it might be taken in execution, may, if equitable, be put into his possession. Hence the appointment has been said to be an equitable execution. He is virtually a representative of the court, and of all the parties in interest in the litigation wherein he is appointed. He is required to take possession of the property as directed, because it is deemed more for the interests of justice that he should do so than that the property should be in the possession of either of the parties in the litigation. He is not appointed for the benefit of either of the parties, but of all concerned. Money or property in his hands is in custodia legis. He has only such power and authority as are given him by the court, and must not exceed the prescribed limits. The court will not allow him to be sued touching the property in his charge, nor for any malfeasance as to the parties, or others, without its consent; nor will it permit his possession to be disturbed by force, nor violence to be offered to his person while in the discharge of his official duties."

See, also, Commonwealth Roofing Co. v. North American Trust Co., 135 Fed. 984, 68 C. C. A. 418.

· The legal principle advanced by counsel is undoubtedly sound, but it overlooks the underlying fact that the receiver is not in possession of the real property being taxed, or any part of it, and never has been; hence the property is in no sense in the custody of the court. The party who is really in possession is the receiver of the state court, and the county has the leave of the state court to proceed with its tax foreclosures. All that the receiver of this court can claim as to the real property is that he holds a lien thereon by virtue of the Kollock trust, and nothing beyond. It is as though the receiver held a mortgage on the property. As mortgagee, he is not entitled to the possession of the real property; but he is entitled to foreclose his lien and sell the property, and apply the proceeds in payment of his demand. There can be no invasion of his possession by the proceedings. to foreclose the tax liens. Indeed, as our discussion of section 3698, Lord's Oregon Laws, supra, goes to show, he was not even an essential party to such proceedings.

It is equally clear that the case of In re Eppstein, 156 Fed. 42, 84 C. C. A. 208, 17 L. R. A. (N. S.) 465, is not in point, for the reason that in that case the trustee in bankruptcy had the possession of the res to be affected by the tax.

The objections of the receiver of the Title Guarantee & Trust Company to the tax proceedings on the part of Coos county will therefore be dismissed, but without costs to either party.