Argued March 26, reversed May 1, rehearing denied June 12, 1928.

O. E. RAE v. JOHN D. MORGAN ET AL.

(266 Pac. 1069; 267 Pac. 1072.)

Taxation—Proceeding for Foreclosure of Delinquent Tax Certificates is in Rem (Laws 1923, p. 405).

1. Proceeding under Laws of 1923, page 405, for foreclosure of delinquent tax certificates, is a proceeding *in rem*.

Taxation—Legislature may Prescribe Prima Facie Effect to be Given Sheriff's Deed on Sale of Property for Delinquent Taxes (Or. L., § 4362).

2. It is competent for legislature to prescribe, under Section 4362, Or. L., *prima facie* effect to be given sheriff's deed on sale of property for delinquent taxes.

---

1. See 26 R. C. L. 406.
2. Power of legislature to make tax deeds *prima facie* or conclusive evidence, see note in 4 **Am. St. Rep.** 187. See, also, 26 R. C. L. 423.

Ejectment—Plaintiff Need not Give Defendant Notice Before Bring-
ing Ejectment Action.

3. It was unnecessary that plaintiff notify defendant before
bringing ejectment action.

Taxation—Actual Notice, to Parties in Possession, of Tax Fore-
closure Proceeding, was Unnecessary (Laws 1923, p. 405).

4. Under Laws of 1923, page 405, providing for foreclosure of
delinquent tax certificates, actual notice of foreclosure proceeding
to parties in possession was unnecessary, since it is an action in
rem.

Witnesses—In Ejectment by One Claiming Under Tax Deed, Ex-
cluding Evidence Whether Sheriff's Office had Properly Con-
ducted Steps Preliminary to Tax Foreclosure Suit Held not
Error, in View of Sheriff's Answer to Previous Questions.

5. In ejectment action by one claiming under tax deed, denying
plaintiff permission to ask sheriff whether his office had properly
conducted steps preliminary to tax foreclosure suit held not error,
where answer to previous questions disclosed he had no information
concerning foreclosure proceedings and question was not one seek-
ing to develop practice of his office.

Taxation—In Ejectment, in Which Validity of Tax Deed was in
Issue, Evidence Regarding Value of Part of Property Held
Admissible Affecting Validity of Tax Sale.

6. In ejectment action, in which plaintiff claimed under tax
deed, and defendant claimed sale was not properly conducted
because sheriff did not dispose of least quantity of lot from east-
erly portion of it that would bring amount of outstanding tax as
required by statute, evidence as to value of property held admis-
sible; no objections being made to qualification of witnesses.

Evidence—Testimony by Witnesses Present That Easterly Portion
of Lot was First Offered for Sale at Tax Sale Held Admissible,
Where Sheriff's Office was Without Records (Or. L., §§ 4354,
4358).

7. Under Section 4358, Or. L., making entries in books and
records of sheriff's office prima facie evidence to prove sale for
delinquent taxes, and Section 4354, providing that no return or
confirmation of sale is required, witnesses who were present at sale
for delinquent taxes could testify in ejectment action that easterly
portion of lot had first been offered for sale at tax sale, as required
by statute, where sheriff's office had no records concerning the
matter.

Taxation—Tax Foreclosure Proceedings were not Invalid Because
Attorney Appeared as Special Counsel for County (Laws 1923,
p. 405).

8. Under Laws of 1923, page 405, providing that, in counties
having less than 50,000 population, tax foreclosure proceedings are
conducted by sheriff with assistance of district attorney, fore-
closure proceedings were not invalid because attorney appeared as
special counsel for county rather than as deputy district attorney.

Taxation—Where Statute Required Tax Foreclosure Proceeding to be Conducted by District Attorney, Evidence Regarding How Attorney Appearing as Special Counsel Obtained Employment Held Admissible (Laws 1923, p. 405).

9. In ejectment action, in which plaintiff claimed title under tax deed and defendants claimed that tax foreclosure proceedings were invalid because Laws of 1923, page 405, requires proceeding to be conducted by sheriff and district attorney and complaint was signed, "W. A. Weist, Special Counsel for K. County," evidence that what special counsel did met with approval of district attorney and how special counsel obtained employment *held* admissible, since it would have established whether he was deputy district attorney and whether district attorney assisted in proceedings.

District and Prosecuting Attorneys—Order Employing Deputy in District Attorney's Office Need not be in Writing.

10. It is not necessary that order employing deputy in district attorney's office be in writing.

Taxation — Instruction That Attorney Other Than District Attorney Could Act for County in Tax Foreclosure Proceeding Held Improperly Refused (Laws 1923, p. 405).

11. In ejectment action, in which plaintiff claimed title under tax deeds and defendant claimed tax foreclosure proceeding was invalid because Laws of 1923, page 405, requires proceeding to be conducted by sheriff and district attorney and complaint was signed "W., Special Counsel for K. County," instruction that W. could act for county *held* improperly refused.

Taxation—Where First Issue of Newspaper Appeared November 13, 1923, It was Qualified to Publish Summons in Tax Certificate Foreclosure Proceedings November 13, 1924 (Laws 1923, p. 405; Or. L., § 58).

12. Under Laws of 1923, page 405, and Section 58, Or. L., where first issue of newspaper appeared November 13, 1923, it was qualified under statutes to publish summons in tax certificate foreclosure proceedings November 13, 1924.

ON PETITION FOR REHEARING.

Taxation—Substituted Service on Nonresident in Delinquent Tax Certificate Proceeding Held Proper (Laws 1923, p. 405, Chap. 276).

13. Under Laws of 1923, page 405, Chapter 276, substituted service on nonresident of state in delinquent tax certificate proceeding *held* essential and proper.

Taxation—Supreme Court was Without Power to Authorize Departure from Method Prescribed by Law for Tax Foreclosure by County (Laws 1923, p. 405, Chap. 276).

14. Laws of 1923, page 405, Chapter 276, having prescribed the method for tax foreclosure by county, the Supreme Court was without power to authorize departure therefrom.

Taxation—Equitable Matter Presented by Defendants in Delin-
quent Tax Certificate Proceeding Should be First Determined
(Or. L., § 390).

15.  Under Section 390, Or. L., if defendants in delinquent tax
certificate proceeding desire to avail themselves of matters requir-
ing cognizance of court of equity, equitable matter should first
be determined.

District and Prosecuting Attorneys, 18 C. J., p. 1338, n. 59, 66.
Newspapers, 29 Cyc., p. 697, n. 21.
Taxation, 37 Cyc., p. 1302, n. 38, p. 1343, n. 22, p. 1364, n. 55,
p. 1368, n. 75, p. 1373, n. 13, 15, p. 1393, n. 60, p. 1457, n. 51.

From Klamath: A. L. LEAVITT, Judge.

Department 1.

This is an action of ejectment.  The plaintiff claims
title as the grantee of Thomas A. and Florence Rae.
Thomas A. Rae is the grantee in a tax deed executed
March 28, 1925, by one Burt E. Hawkins, sheriff and
tax collector of Klamath County.  The defendants
attack the validity of the foreclosure proceedings
which preceded the execution of the foregoing deed
from Hawkins to Rae.

The taxes upon the property herein involved were
unpaid for the year 1918 and all succeeding years.
During this period of time the record title was vested
in the name of one Glen Johnson and remained there
until June 16, 1925, when the defendants placed on
record a deed executed by Johnson March 1, 1918, in
which these defendants were the grantees.  Between
these two latter dates the defendants were paying the
purchase price for the property upon an installment
plan, the deed remaining in escrow in the meantime.
During this period of time the defendants were in
possession of this property, occupying a dwelling-
house which stood thereon.  Glen Johnson was named
as the party defendant in the delinquent certificate

proceeding. In the lower court the verdict and judgment were for the defendants; the plaintiff appeals.

REVERSED. REHEARING DENIED.

For appellant there was a brief over the name of *Messrs. Rutenic & Yaden,* with an oral argument by *Mr. J. C. Rutenic.*

For respondent there was a brief over the name of *Mr. R. C. Groesbeck,* with an oral argument by *Mr. Henry E. Perkins.*

ROSSMAN, J.—There are various assignments of error. We shall not pause at this point to enumerate them, but shall state each separate assignment as we dispose of it.

Session Laws, 1923, Chapter 276, provides that in counties having a population of less than 50,000, the sheriff, with the assistance of the District Attorney, shall foreclose in the name of the county certificates of delinquency upon property outstanding in the name of the county; that in foreclosure proceedings, the summons may be served by publication.

" * * The name of the person or persons appearing on the latest tax roll in the hands of the sheriff for collection at the date of the first publication of such summons or notice as the owner or owners of said property shall, for the purpose of this section and all foreclosures by counties, be considered and treated as the owner or owners of said property and said proceedings shall be and be deemed and considered a proceeding *in rem* against the property itself; and if upon said roll it appears that the owner or owners of said property are unknown, then said property shall be proceeded against as belonging to an unknown owner or owners, as the case may be, and all persons owning or claiming to own or having

or claiming to have an interest therein, are hereby required to take notice of said proceedings, and of any and all steps thereunder. The publication of the summons or notice required by this section shall be made by the sheriff in some newspaper printed, published and in general circulation in the county, to be designated by the county court; * * "

Section 4376, Or. L., provides:

" * * in every such action, suit or proceeding, whether before or after the deed, the party claiming to be the owner as against the party claiming under such tax certificate or tax sale shall tender with the first pleading in such action, suit, or proceeding, and pay into court at the time of filing the same, the amount of the purchase price for which such certificate was issued or lands sold, as the case may be, together with all taxes or assessments which shall have been paid by the purchaser after the issuance of the certificate of sale, together with interst thereon at the rate of twelve per cent per annum from the respective times of the payment of such sums up to the time of the filing of such pleading, to be paid to such purchaser, his heirs or assigns, in case the right or title of such purchaser shall fail in such suit, action or proceeding, * * "

It will be helpful and expedite our consideration of the errors assigned if we determine at the outset the nature of the proceeding provided by statute for the foreclosure of delinquent tax certificates. Addressing ourselves to this inquiry it will be observed that while an individual must be named as defendant, it is not essential that he should be the actual owner of the property; the proper defendant may be one who in fact is possessed of no financial interest in the property. It is sufficient if he is "the person or persons appearing on the latest tax roll in the hands of

the sheriff for collection at the date of the first publication of such summons."

1. The real nature of the proceedings, as is stated in the statute, is one *in rem;* the courts have so held: *Coy* v. *Title Guarantee & Trust Co.,* 257 Fed. 571, construing our statutes. Statutes designating the proceeding as one *in rem* have been quite generally approved by the courts: 26 R. C. L., Taxation, § 364.

As will be observed from a portion of our statutes previously quoted, one who attacks the validity of the foreclosure proceeding must tender into court the amount of the purchase price for which the certificate was issued, together with all taxes or assessments since paid by the purchaser and interest accumulated thereon. The purpose of the tender is not to afford the defaulted owner another opportunity to reclaim his property by redeeming from the foreclosure, but it compels him to do equity by offering to pay the accumulated taxes and assessments before he undertakes to avail himself of some irregularity in the foreclosure proceedings. See *Jory* v. *Palace Dry Goods Co.,* 30 Or. 196 (46 Pac. 786). In this case the endeavor to defeat the foreclosure proceedings is based upon the contentions that the proceedings lacked validity in the following particulars: first, that the sheriff proceeded with the foreclosure without the assistance of the District Attorney; second, that the summons was published in the "Klamath News," the first publication being on November 13, 1924; that this newspaper did not publish its first issue until November 13, 1923, from which circumstances the defendants contend that the "Klamath News" had not been in publication for one year prior to the publication of the summons; third, that the sheriff failed to make a return to the court showing that its order

directing the sale had been complied with, and failed to set forth the manner in which he executed the order; and fourth, that the sheriff failed to offer the least quantity of the lot, but sold the entire lot for the outstanding taxes when a smaller quantity would have secured a bid for the outstanding taxes.

2. If the foreclosure proceedings were invalid, the plaintiff must be content to take the sum tendered into court which we understand is sufficient to reimburse him for all taxes he paid, together with interest thereon. But if the proceedings were regular, his title is valid and the defendants have lost their interest in the premises. In proceeding with our inquiry, we must bear in mind the *prima facie* effect given to the deed set forth in Section 4362, Or. L.

"Deeds executed by the sheriff as aforesaid shall be *prima facie* evidence in all controversies and suits in relation to the right of the purchaser of the real estate, his heirs and assigns, of the following facts:—

"1. That the real estate conveyed was subject to taxation at the time the same was assessed in the time and manner required by law.

"2. That the taxes or assessments were regularly levied, and were not paid at any time before the issuance of the deed.

"3. That the real estate conveyed had not been redeemed from the sale at the date of the deed.

"4. That the real estate was duly sold for taxes, assessments, penalties, and costs as stated in the deed.

"5. That the grantee in the deed was the purchaser or assignee of the purchaser.

"6. That the sale and all antecedent proceedings were conducted in the manner required by law."

It is competent for the legislature to prescribe the foregoing *prima facie* effect to the sheriff's deed: *Marx* v. *Nanthorn,* 148 U. S. 180.

3, 4. The foregoing being the situation before us, we shall now proceed with the disposition of the various assignments of error. The lower court permitted defendant to develop the fact that he had no actual notice of the delinquent tax foreclosure proceedings, and that the plaintiff did not notify him before bringing this ejectment action. The latter was clearly unnecessary and it follows from the fact that the tax foreclosure proceeding was an action *in rem*, that actual notice was unnecessary.

5. An assignment of error is grounded upon the fact that the lower court denied the plaintiff permission to inquire of the sheriff whether his office had properly conducted the steps preliminary to the foreclosure suit. His answer to some questions preceding this one relegates this alleged error to a moot question, because his answers to the foregoing question disclosed that he had no information concerning the foreclosure proceedings. He assumed that the entries in his records correctly set forth what took place, but since he took no personal part in any of the transactions, he could not amplify what the record recited. The ruling upon which error is assigned was not predicated upon a question seeking to develop the practice of his office so as to sustain the entries in the records, nor was the witness asked to refresh his recollection from the entries. Such being the situation, no error was committed.

6. An assignment of error is based upon the ruling of the court which permitted the defendant John D. Morgan to testify to the value of the property involved in this action. The lot was 50 by 140 feet in size; each end fronted on a street; upon one half of the lot stood a six-room dwelling-house, the other half, being the easterly portion, was vacant. Some

evidence showed this half was worth about $700. Under the statutes of this state the sheriff is required to dispose of the least quantity of the lot from the easterly portion of it, that will bring the amount of the outstanding tax. This court in *Smith* v. *Dwight,* 80 Or. 1 (148 Pac. 477, 156 Pac. 573), has held that the sale of an entire quarter-section of land valued at $7,000 for tax liens totaling only $110 overcomes the *prima facie* showing of regularity established by the tax deed. The evidence supplied by the witness Morgan was to the effect that the property was worth from $3,500 to $4,000; the outstanding taxes were approximately $400. No objection was made to the qualification of the witness; we believe the evidence was admissible. What is said in regard to the testimony of the defendant Morgan has equal application to the exception in regard to the testimony of the witness Myers.

7. After the court had admitted this evidence because it had a tendency to affect adversely the regularity of the foreclosure proceedings, the plaintiff sought to substantiate the procedings which preceded his title by showing that in fact the easterly portion of the lot had first been offered for sale. The plaintiff undertook to establish this fact by offering his own testimony to that effect, and also that of Mr. W. A. Wiest, an attorney who was also present at the trial. The court sustained defendants' objection on the theory that this information should come from the records of the sheriff's office and not by the testimony of those present. It is true that Section 4358, Or. L., makes the entries in the books and records of the sheriff's office *prima facie* evidence to prove the issuance of a certificate, or the sale of the land. Nevertheless Section 4354, Or. L., provides: "No return

or confirmation of any sale is required or necessary.'' The sheriff's deed contains this recital: ''The said Thomas A. Rae, being the best bidder at said sale and the said tract being the least quantity bid, and that being the best bid offered at said sale''; the evidence quite clearly showed that the sheriff's office had no records, books or entries concerning this matter, outside of the recital in the deed just quoted. Under the circumstances the evidence offered by Rae and Wiest, who were present and appear to have a recollection in regard to the matter, was admissible. The defendant contends that public policy demands that the sheriff should keep an official record setting forth the details of his sales. Such records without doubt would be very serviceable in ensuing litigation, but it is difficult to understand why the results of the sheriff's laxness in this respect, if any, should fall upon innocent third parties. Nevertheless, it will be observed that the statute itself, which fixes the public policy of the state, requires no return; furthermore, we have a memorial of the sheriff's acts in the deed wherein is set forth over the official's signature that he did not offer the property as an entirety, but in parts. Such being the situation, the testimony of the plaintiff and of Wiest was clearly admissible.

8–11. As will be observed from the provisions of our statutes previously quoted, in counties having a population of less than 50,000 foreclosure proceedings are conducted by the sheriff with the assistance of the District Attorney. In the foreclosure of the certificate of delinquency, the complaint was signed ''W. A. Wiest, special counsel for Klamath County, Oregon, attorney for plaintiff.'' It was the contention of the defendants that Mr. Wiest was not a Deputy District Attorney, and that hence the proceed-

ings were invalid. We fail to understand how this
result could follow, even if the premise were true:
*State* v. *O'Brien,* 35 Mont. 482 (90 Pac. 514, 10 Ann.
Cas. 1006). It is possible that the sheriff and dis-
trict attorney might be subject to discipline for not
having complied with the laws of the state, but if the
proceedings were conducted in obedience to our stat-
utes, it is hard to understand why no validity should
attach to the court's decree because Mr. Wiest, in
his capacity of "special counsel" appeared during
the course of the suit in lieu of Mr. Wiest, Deputy
District Attorney. It is not the title of the office
that is important, but it is the observance of the stat-
ute so far as it concerns the nature of the proceedings
and notice to those involved. No one contended that
the District Attorney disapproved of the delinquent
tax foreclosure proceedings. There is no evidence
that the District Attorney failed to assist. Mr. Wiest
undertook to testify that all that he did met with
the approval of the District Attorney and was about
to state how he obtained his employment. We be-
lieve that this evidence was clearly admissible. Its
effect would establish whether he was a Deputy Dis-
trict Attorney or not, and also whether in fact the
District Attorney did assist in the proceedings
through offering advice or through participating in
the handling of the matter. There is no necessity that
the order employing the deputy in the District At-
torney's office should be in writing: 18 C. J. 1338.
Under the statutes of this state, a Deputy District
Attorney cannot be employed without the approval
of the County Court; this latter body also fixes his
compensation. The inquiry which the plaintiff pro-
posed to make was permissible. It is true that the
court delivered itself of some remarks which would

indicate that the entire subject matter of the inquiry was immaterial. Nevertheless the matter was handled in such a way that the jury very likely felt that this constituted a proper field of inquiry for themselves. The plaintiff requested the court to instruct the jury that Mr. Wiest could act for the county; this requested instruction was denied. We believe that error was committed in the foregoing premise.

12. As we have seen from the foregoing excerpt of the 1923 Session Laws previously quoted, the publication of the summons shall be made by the sheriff in some newspaper to be designated by the County Court. Section 58, Or. L., in defining what is meant by the word "newspaper," contains among other elements the necessity "that such newspaper shall have been established and regularly and uninterruptedly published in such county at least once a week during a period of at least twelve consecutive months immediately preceding the first publication of such notice, summons, * * ." The first issue of "Klamath News" appeared November 13, 1923. The first publication of the summons in the tax certificate foreclosure proceedings appeared November 13, 1924. If one was born on November 13, 1923, at the close of the day of November 12, 1924, he would be one year old and the second year of his life would start with the beginning of November 13, 1924. From this it is clear that when the notice was inserted in the "Klamath News" it was a publication qualified under the statutes to publish the notice. The instructions given by the court to the jury were not in harmony with the foregoing conclusion; we believe that it erred in so doing.

On account of the errors just mentioned it follows that the judgment of the lower court must be reversed,

and the case remanded for proceedings not out of harmony with these conclusions. Other assignments of error we deem it unnecessary to mention because they are not likely to occur upon a new trial.

REVERSED.

RAND, C. J., and COSHOW and MCBRIDE, JJ., concur.

---

Rehearing denied June 12, 1928.

ON PETITION FOR REHEARING.

(267 Pac. 1072.)

For the petition, *Mr. R. C. Grosebeck* and *Mr. Henry E. Perkins.*

*Contra, Messrs. Rutenic & Yaden.*

ROSSMAN, J.—13. In their petition for a rehearing counsel for respondents earnestly urge upon our attention once more the case of *Bagley* v. *Bloch,* 83 Or. 618 (163 Pac. 425). This case received our careful consideration when we wrote our previous decision (267 Pac. 1072), but we felt that the distinction between the circumstances of that case and the one now before us was sufficiently apparent so as to need no comment. In *Bagley* v. *Bloch* it does not appear from the facts stipulated, nor from anything in the decision, that the defendant in the tax certificate foreclosure proceeding was "the person or persons appearing on the latest tax roll in the hands of the sheriff for collection at the date of the first publication of such summons"; but from the decision it appears that Bagley was the defendant; the stipulation recites that Melchior Kohrli and George H. Blyth

were the persons appearing on the latest tax roll when the first publication of the summons was published. They were, therefore, the individuals whom the statute designated should be made the defendants in the delinquent tax certificate proceedings. Nothing in the decision, the stipulation, nor the abstract of record which we have examined, indicates that they were the defendants. But as previously stated Bagley was made the defendant; he, however, was not personally served with a summons. Apparently he was the actual owner of the property when the foreclosure proceedings were instituted, while in our case the respondents were not the owners, but were installment buyers. In *Bagley* v. *Bloch* we therefore have as the defendant someone other than the statutory party. In our present case the defendant was the individual who appeared on the latest tax roll in the hands of the sheriff for collection at the date of the first publication of summons; he was a nonresident of the state and substituted service upon him was therefore essential and proper. Subsequent to *Bagley* v. *Bloch* the statutory provisions setting forth the manner of foreclosure of tax delinquent certificates were amended. Thus 1923 Session Laws, Chapter 276, inserts after the words "for the purpose of this section," the following: "and in all foreclosures by a county" summons may be served and notice given exclusively by publication. In a subsequent sentence an amendment adds, "such summons or notice shall be published once a week for six consecutive weeks, and it shall not be necessary to mail any copy of such summons or application to any defendant named or any person interested in any of the property described therein in any such county foreclosure." Next, as the statute proceeds to set forth that the

person or persons appearing on the latest tax roll in
the hands of the sheriff for collection shall be the
proper defendant, the amendments add that such
individuals shall be the defendants in "all fore-
closures by counties," and then in order to make clear
the fact that the foreclosures are proceedings *in rem*
the amendments insert into the previous enactments
"and said proceedings shall be and be deemed and
considered a proceeding *in rem* against the prop-
erty itself." Thus since *Bagley* v. *Bloch* the statute
has been amended so as to point out clearly that in
all foreclosures by a county the summons shall be
served by publication, and the person appearing upon
the latest tax-roll shall be the defendant, and the pro-
ceedings shall be deemed *in rem*.

The above amendments evidently were intended
among other things to set forth that the legislature
was endeavoring to point out a distinction between
foreclosures by counties and foreclosures by individ-
uals. In our neighboring State of Washington, whose
statutes are the source from which we obtained ours,
the foregoing distinction has been recognized: *Pat-
terson* v. *Toler,* 71 Wash. 535 (129 Pac. 107); *Merges*
v. *Adams,* 137 Wash. 208 (242 Pac. 43). In *Noble* v.
*Aune,* 50 Wash. 73 (96 Pac. 688), which is referred
to with approval in *Merges* v. *Adams, supra,* the
Washington Supreme Court said: "We recognize a
clear distinction between a foreclosure by a county
and one by an individual."

We thus have as our defendant in the tax delin-
quency certificate proceeding the individual designated
by the statute; he was a nonresident and was served
in the manner provided by statute. In *Coy* v. *Title
Guaranty & Trust Co.,* 257 Fed. 571, the District

Court for the District of Oregon in referring to the Oregon statutes held:

"The statute having prescribed the rule by which interested parties shall be ascertained, the proceeding will not be rendered nugatory, if it should turn out that the tax roll in the hands of the sheriff at the date of the first publication of notice did not give the name of the true owner of the property, resulting in the true owner not having been made a party to the proceeding. Every person is deemed to have knowledge of the taxing laws. He knows that his real property is subject to assessment, and that delinquency will follow nonpayment of taxes, and subject his property to sale. He is bound, therefore, to take heed of what is being done by the taxing officers to subject his property to the payment of taxes lawfully assessed against it. This proceeding being *in rem*, it is sufficient if the county make those persons parties which the law directs that it shall, and it is not fatal to the proceeding, the dictates of the law having been followed, that a real owner should not have been made a party co-defendant. In any event, public notice is given for a reasonable time, and all owners are warned of the proceeding affecting their property. *Wilfong* v. *Ontario Land Co.,* 171 Fed. 51 (96 C. C. A. 293).

"Now, the receiver of the Title Guaranty & Trust company was not an owner, and the largest interest the trust company had or could have in the property was a lien thereon as security for the payment of money obligations. It was not such a person or concern as the statute requires to be made a party of the tax proceeding, and the proceedings instituted are not void or inoperative because the receiver was not made a party thereto."

The above represents the general rule. In Cooley on Taxation, Section 1404, the author states:

" * * But, as in all other cases of proceedings *in rem,* if the law makes provision for publication of

notice in a form and manner reasonably calculated to bring the proceedings to the knowledge of the parties who use ordinary diligence in looking after their interests in the lands, it is all that can be required. Such notice is generally to be based upon an order of publication in some newspaper perhaps officially designated, and in most jurisdictions is required to accompany the list of delinquent taxes, with a description of the lands affected, the names of the owners, and the amount of tax charged against each parcel. The provisions of the statute concerning the manner of the notice by publication must be complied with substantially and the proof of publication must conform to the statutory requirements.''

In Cooley on Taxation, Section 1405, we find:

''Proceedings of this nature are not usually proceedings against parties, nor, in the case of lands or interests in lands belonging to persons unknown, can they be. They are proceedings which have regard to the land itself rather than to the owners of the land, and if the owners are named in the proceedings and personal notice is provided for, it is rather from tenderness to their interests, and in order to make sure that the opportunity for a hearing is not lost to them, than from any necessity that the case shall assume that form.''

14. The statutes of this state having prescribed the method, we are without power to authorize departure therefrom.

15. The answer of the defendant not only seeks to defeat the plaintiff's title but also to establish title in the defendant; it prays that the tax deed and the deed to the plaintiff be declared clouds upon the defendant's title, and that the plaintiff be forever enjoined from asserting any claim to the premises. This and similar relief is prayed for. Section 390, Or. L., enacts:

" * * When such an equitable matter is interposed, the proceedings at law shall be stayed and the case shall thereafter proceed until the determination of the issues thus raised as a suit in equity by which the proceedings at law may be perpetually enjoined or allowed to proceed in accordance with the final decree; or such equitable relief as is proper may be given to either party. * * "

*James* v. *Wood*, 96 Or. 667 (190 Pac. 1105), construes and applies the foregoing sentence taken from Section 390, Or. L. Accordingly, if the defendants desired to avail themselves of matters requiring cognizance of a court of equity, the equitable matter should first have been determined. The case will therefore be remanded for proceedings in harmony with the foregoing.

Petition for rehearing denied.

REHEARING DENIED.