Argued at Pendleton October 27, 1931; reversed January 5; rehearing denied February 9, 1932

## UMATILLA COUNTY (REYNOLDS ET AL., INTERVENERS) *v.* WILLIAMS ET AL.

(6 P. (2d) 879)

*John F. Kilkenny,* of Pendleton (Raley, Raley & Warner and Alfred F. Cunha, all of Pendleton, on the brief), for appellants.

*Charles Z. Randall,* of Pendleton (Fee & Randall, of Pendleton, and D. T. Randall, of Freewater, on the brief), for respondents.

RAND, J. This is an appeal from an order denying the petition of Allen H. Reynolds to set aside a tax deed made pursuant to a decree rendered in proceedings instituted by Umatilla county, under section 69-

816, Oregon Code 1930, to foreclose certain delinquent tax certificates that had theretofore been issued to the county. The petitioner resides in Walla Walla, Washington, and owns several tracts of real property in Umatilla county. Except as to the matter in controversy, which amounts with penalty and interest to $4.30 and which is a part of the 1924 taxes on the W½ of the NW¼ of section 20 in T. 6 N., R. 38 E., W. M., he has paid all taxes levied and assessed against his said property. The above described property, together with eighty acres in section 19, an adjoining section, was conveyed to him on July 19, 1901, by the American Mortgage Company of Scotland, Ltd., and the deed therefor was duly recorded in Umatilla county on September 14, 1901. Notwithstanding that it had been so recorded and that the title was in Reynolds, the assessor assessed the eighty acres in controversy to petitioner's said grantor and the other eighty acres so conveyed to him to petitioner.

Section 69-233, Oregon Code 1930, requires the assessor to assess real property in the name of its owner, if known, and to keep a present ownership book, showing what persons are the owners of the assessable real property of the county. Section 69-242 requires him, from the best information he can obtain, to set down in the assessment roll, "the names of all taxable persons in his county assessable by him." See *Lewis v. Blackburn,* 42 Or. 114 (69 P. 1024), and section 69-249, Oregon Code 1930. If this had been done in the instant case, it is very obvious from the record here that these taxes, together with other taxes owing by petitioner, would have been long since paid.

It appears from the testimony of the petitioner that in 1925 he went to the sheriff's office and requested the sheriff to prepare a statement of the taxes

then due and unpaid upon all his said property. This statement was furnished and all the taxes shown upon the statement were paid. It seems from the testimony of the deputy sheriff, who had charge of the books at that time, that the amount so computed and paid was only sufficient to pay 86 cents more than the first half of the 1924 taxes upon the eighty acres in controversy and that on a separate sheet a notation was made and mailed to petitioner, showing that the first half of the taxes had been paid on this particular property and 86 cents had been credited upon the second half. This sheet, together with the tax receipts upon the other property, was mailed to petitioner and received by him without any examination being made of this particular sheet which showed that the property had been assessed as belonging to petitioner's grantor. There was then due and unpaid on the second half of the taxes upon this particular property $2.83 of which petitioner was not informed but which he would have known if he had examined all the receipts and papers mailed by the sheriff's office.

The statute requires that if the taxes due in any one year are not paid, or if only partly paid, the amount so unpaid shall be added to the amount payable the following year. Section 69-849, Oregon Code 1930. Had this been complied with, petitioner, upon paying the taxes the next year, would have received notice of this amount being due.

Upon the hearing in the court below petitioner was a witness in his own behalf and he testified that in January, 1930, he wrote a letter to the sheriff's office, requesting that the sheriff furnish him with the amount of taxes then unpaid. In this letter, which is an exhibit in the case, the various tracts of land are described and among these descriptions is the $W\frac{1}{2}$ of the $NW\frac{1}{4}$

of section 20. A statement of the amounts due was forwarded to him within a day or two thereafter and, upon its receipt, he mailed a check to the sheriff covering the full amount stated and at the time supposed that all taxes owed by him upon all his property had been paid. The foreclosure proceedings brought by the county was then pending and the decree of foreclosure was made and entered on March 13, 1930. Petitioner testified that he visited the property in controversy on the Monday following the sale and that he was then first informed that this particular tract had been sold; that he then called up the sheriff's office and asked for an explanation and he was informed of this balance of the unpaid taxes for the year 1924.

■ Evidence was offered on behalf of the county by one of the deputies in the sheriff's office, who testified that in January she informed petitioner of the amount then due and unpaid and stated to him that proceedings were pending to foreclose the tax lien upon this particular tract. Petitioner testified that that information was not given to him at that time but was given later, after the property had been sold. Both these witnesses are entitled to full credit. We have no doubt of the good faith and honesty of each of them. The testimony given by them, on its face, shows that they are both truthful and both are entitled to full credit, although one or the other may be honestly mistaken. In determining the credit to be given to this conflicting testimony, the circumstances surrounding the transaction must be considered. It would be preposterous to believe that a taxpayer, making inquiry as to the amount of taxes due upon all his property and intending at the time to pay that amount when ascertained, would pay all the taxes upon all his other prop-

erty and let a valuable piece of property be sold for the insignificant sum of $4.30. Hence, we are forced to the conclusion that if this information had been given to petitioner in January at the time the deputy believes it was given, the tax would have been paid. No other conclusion can be reached from the circumstances surrounding the case.

■ The record shows that this property was assessed as of the value of $240 and other testimony in the case indicates that it was of the value of about $900 at the time of the sale, and the whole tract was. sold for $4.30 which was perhaps one-half of one per cent of its value, probably much less than that. The statute, section 69-820, Oregon Code 1930, provides for no confirmation of a sale of property sold for delinquent taxes. It provides that: "At such sale the person offering to pay the amount due on each tract or lot for the least quantity thereof shall be the purchaser of such quantity, which shall be taken from the east side of such tracts or lot, and the remainder thereof shall be discharged from the lien." Twice this court has said that the sale of a whole tract made in disregard of these mandatory provisions of the statute is null and void: *Smith v. Dwight,* 80 Or. 1 (148 P. 477, 156 P. 573, Ann. Cas. 1918D, 563); *Rae v. Morgan,* 125 Or. 644 (266 P. 1069, 267 P. 1072).

This case furnishes a perfect example of the necessity for such rule. It may be that the matters referred to are mere irregularities not affecting the validity of the lien of the county for the taxes claimed, but in themselves they furnish strong evidence of the reasons which prevented petitioner from receiving proper information of the charge for taxes then owing. The section of the statute under which this foreclosure was had provides for one proceeding only to be brought

against all owners of property upon which taxes have been delinquent for three years and no other certificate of delinquency has been issued. It provides for service to be made by publication only and, as so published in the instant case, it shows that this property was sold as belonging to the American Mortgage Company. Of the pendency of these proceedings, petitioner had no notice and because he had no notice he did not redeem his property before the entry of the final decree. ''Notice or at least the means of knowledge is an essential element of every just proceeding which affects rights of persons or of property'': Cooley on Taxation (3d Ed.), p. 742. Petitioner, in good faith— perhaps not as diligently as he ought to have done— sought to have ascertained the amount of taxes due and he paid the amount in accordance with the information furnished him.

■ At the time of the filing of his petition, the record shows that petitioner tendered into court $50 to reimburse the purchaser at the tax sale. We, therefore, hold that the tax deed is void and confers no rights or interest upon the purchaser; that petitioner was entitled to redeem the property by paying to the county the taxes, if there are any levied against the property and unpaid at this time, and that George Beller, the purchaser, is entitled to be reimbursed, from the moneys on deposit, whatever amount he paid the county, if any, in addition to the $4.30 paid, and whatever remains over and above that amount shall be returned to the petitioner.

The cause will be remanded to the court below to enter a decree setting aside the sale, permitting the petitioner to redeem his property, and for such other proceedings as are not inconsistent herewith.

ROSSMAN and CAMPBELL, JJ., absent.